[L. A. No. 274.   Department Two.—June 13, 1898.]

## SAVINGS BANK OF SAN DIEGO COUNTY, Respondent, v. THOMAS J. DALEY et al., Appellants.

MORTGAGE—POWER OF ATTORNEY FROM WIFE—DEBT OF HUSBAND—GIFT SUBJECT TO LIEN.—Where a husband executed a deed of gift to his wife of property subject to a deed of trust executed by him to secure his indebtedness, and she executed to him a power of attorney authorizing him to mortgage the property, and he, under the power, executed a note and mortgage for himself, and for his wife as attorney in fact, to an assignee of his creditor, to secure the same indebtedness secured by the trust deed, and in consideration of the new note and mortgage to such assignee the old notes were delivered up and a quitclaim deed was executed by the trustee and by the husband jointly to the wife, all at the same time, and as parts of the same transaction, the mere change in the form of lien did not change the position of the wife, and the facts do not show any legal limitation of the express power given to the husband to execute the mortgage; and the principle that an attorney with power to mortgage cannot make a mortgage for his own personal debt, and for his own personal advantage alone, does not apply.

ID.—DESCRIPTION OF LANDS—SUBDIVISIONS OF MEXICAN GRANT.—Where the owner of a Mexican grant has surveyed and subdivided the grant in the same way as if the grant were a part of the public domain, a description of lands mortgaged within such grant by such subdivisions is sufficient.

APPEAL from a judgment of the Superior Court of the County of San Diego and from an order denying a new trial. E. S. Torrance, Judge.

The facts are stated in the opinion.

Works & Works, for Appellants.

McNealy & Whitehead, for Respondent.

THE COURT.—This is an action to foreclose a mortgage alleged to have been made on the sixteenth day of November, 1891, by the defendants, Thomas J. Daley and his wife, Sarah M. Daley, to secure a promissory note of that date for twenty-nine thousand three hundred and ninety-five dollars and seventy-three cents, alleged to have been made by the said Daley and his wife. The court rendered judgment foreclosing the mortgage for the amount of the note and interest (with the exception of the amount of three hundred dollars for a certain overdraft, which need not be further considered). Defendants appeal from the judgment and from an order denying a motion for a new trial.

The note and mortgage were made and executed by the appellant Thomas J. Daley in his own right, and by the appellant Sarah M. Daley by the said Thomas J. Daley, her attorney in fact; and the main contention of appellants is, that the said Thomas had no authority to execute the mortgage as attorney for Sarah. The court below did not render any personal judgment against Sarah on the note, but held that Thomas had authority to execute for her the mortgage, and decreed a foreclosure against her.

On the thirtieth day of September, 1889, the defendant, Sarah M. Daley, duly executed a power of attorney to the defendant, Thomas J. Daley, which upon its face, beyond doubt, authorized him to execute the mortgage in question; but the contention of appellants is, that the mortgage was given to secure a personal indebtedness of Thomas, that the plaintiff was aware of that fact at the time the mortgage was executed, and that, therefore, under certain authorities cited, the mortgage as to Sarah was void. Admitting the principle contended for to be correct, still it is not applicable to this case. The facts are these: On October 10, 1890, the appellant, Thomas J. Daley, was indebted to a corporation, called "The Consolidated Bank," on five several promissory notes, in the sum of about twenty-five thousand dollars; and on that day he executed to one John Ginty a trust deed of the lands here involved, to secure such indebtedness. Afterward, on December 18, 1890, he made a deed of gift to his wife of all "his right, title, and interest" in said lands. Afterward, the present plaintiff and respondent paid the full amount

due on said notes to the Consolidated Bank, and the last-named bank assigned and transferred to plaintiff all the said indebtedness secured by said trust deed. Afterward, on November 16, 1891, the said appellant, Thomas J. Daley, for himself and for the said Sarah, as her attorney in fact under said power, executed the note and mortgage sued on in this action, the consideration therefor being the said indebtedness secured by said trust deed. In consideration of this new note and mortgage the old notes were delivered up, and Ginty, at the instance of plaintiff, jointly with said Thomas, executed to Sarah a quitclaim deed for said lands. The surrendering of the old notes, the execution of the deed and mortgage, and the recording of the same, were all done at the same time and as parts of the same transaction.

To the foregoing facts the principle that an attorney with power to mortgage cannot make a valid mortgage for his own personal debt, and for his own personal advantage alone, does not apply. The deed of trust was a subsisting lien against and a burden upon the lands to which Sarah held the legal title, to the same extent as the lien created by the mortgage; and the mere change in the form of the lien did not change her position. It cannot be said, therefore, that within the authorities cited by appellant the mortgage was made for the sole advantage of the attorney in fact. The lien for the personal indebtedness of the attorney in fact had been created before the deed, the consideration of which was merely love and affection, had been made to Sarah, and before she had any interest in the lands. The facts, therefore, do not show any legal limitation of the express power given in the power of attorney to execute the mortgage. It is true that there had been a former deed made by Thomas to his wife in 1888; but as that deed had not been recorded, and as the respondent had no notice of it, it is not to be considered as affecting this case.

The other point made by appellants is that the mortgage does not contain a sufficient description of the lands sought to be mortgaged. The premises were within a Mexican grant, and the main description is by subdivisions, as though they had been upon public lands and surveyed by the United States government; and the contention is that as government surveys are not made upon the Mexican grants, therefore the description is mean-

ingless and void. But the case is similar to that of *Rea v. Haffenden,* 116 Cal. 596, where it is held that if the owner of a Mexican grant has surveyed and subdivided the same in the same way as if the grant were a part of the public domain, a description in a mortgage by such subdivisions is sufficient.

There are no other points in the case calling for discussion.

The judgment and order appealed from are affirmed.