[Civ. No. 3966. Second Appellate District, Division One.—December 11, 1922.]

## S. H. DUNCAN, Appellant, v. WILLIAM WOLFER et al., Respondents.

[1] TRUST DEEDS — FORM OF INSTRUMENT — SUFFICIENCY OF TRUST RECITALS—SALE—TITLE.—An instrument which recites that in consideration of a certain specified indebtedness and for the purpose of securing payment thereof, the grantor does thereby "grant, bargain, sell, convey and confirm" unto a third party certain described property, "to have and to hold the same upon the trusts hereinafter expressed," followed by a statement of the terms of the trust, with provisions giving the trustee power to sell the property in case of default by the debtor, is sufficient as a deed of trust, notwithstanding the granting clause of such instrument is in the terms of an unqualified grant without the words "in trust with power of sale," or their equivalent; and the trustee, by complying with the requirements of such trust deed as set forth therein, may pass title to a purchaser at a trustee's sale thereunder.

[2] ID. — PAYMENT OF SUBSEQUENT INDEBTEDNESS — RECONVEYANCE— TITLE PASSED.—Where two deeds of trust are executed to the same grantee, the payment of the indebtedness secured by the second deed of trust and the reconveyance of the property by the trustee does not pass the title back to the grantor free

from the first deed of trust, where the reconveyance by the trustee shows on its face that it is limited and intended to be limited as a reconveyance of the estate conveyed to the trustee under the second trust deed, upon payment of the indebtedness secured thereby.

[3] ID.—TRUSTEE'S SALE—SALE BY PURCHASER TO FORMER TRUSTOR—TITLE.—Where the beneficiary under a deed of trust purchases the trust property at the trustee's sale, for the full sum then owing to him, he has the right to sell and convey the property to the trustor under such trust deed, or to any other person, and to accept in consideration therefor, either in whole or in part, an obligation secured by a deed of trust of the property conveyed to him; and a sale by him to the trustor under such trust deed and the acceptance in part payment of an obligation secured by a deed of trust of the property does not vest the property in such trustor free from the effect of the former trust deed.

[4] ID.—CONVEYANCE SUBJECT TO DEED OF TRUST—FORECLOSURE—SUBSEQUENT PURCHASE BY FORMER GRANTOR.—Where the owner of property, after giving a trust deed thereon, conveys his remaining beneficial interest in the property to a third party subject to such trust deed, and the property is thereafter sold under such deed of trust, the grant by the purchaser at such trustee's sale to the former owner will not *ipso facto* pass the title thus acquired to said third party to whom he conveyed his former beneficial interest.

[5] ID.—NOTICE OF SALE—CONFLICTING PROVISIONS—PERSONAL COVENANT.—Where a trust deed, after providing that if default be made in payment of the debt the trustee shall have power to sell the property on written demand by the creditor, "but without the necessity of making demand" on the debtor, and after stating the manner of giving notice of sale and of conducting the same, contains the further separate paragraph: "It is expressly agreed by and between the parties hereto that no action shall be taken under the terms of this trust deed to sell the property covered thereby until the makers of the note secured hereby, or their successors in interest, shall have been given six months' written notice in advance of the intention to cause any such sale to be made," such stipulation is only a personal covenant, and not a limitation on the power of the trustee to sell and convey; but if the terms of said deed are inconsistent, the earlier terms control.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

James M. Gammon for Appellant.

Chapman & Chapman, Joseph Musgrove and Fred O. McGirr for Respondents.

CONREY, P. J.—Plaintiff brought this action to quiet title to a parcel of land in the city of Los Angeles. Defendants, by their answer, disputed the plaintiff's title. In addition thereto, certain claims of title were asserted by the defendants. The court entered judgment determining that the defendant Title Insurance and Trust Company is the legal owner of said real property as trustee under a certain trust deed given to secure an indebtedness in favor of the defendant Vogel; that the defendant Albert B. Jones is the owner of the property, subject to said trust deed and subject to a described lease in favor of the defendant Frank Fisher. The plaintiff appeals from the judgment.

It is agreed that on June 12, 1911, William Wolfer was the owner of said real property. On that day Wolfer and his wife executed a deed of trust granting the property to Title Insurance and Trust Company as security for the payment of a promissory note of the same date, due three years after date, executed by the grantors to J. L. Hancock, in the principal sum of $15,500. It was stated in this deed that in consideration of said indebtedness and for the purpose of securing payment thereof,. the grantors did thereby "grant, bargain, sell, convey and confirm" unto the party of the second part the described property, "to have and to hold the same upon the trusts hereinafter expressed, to-wit." Then followed a statement of the terms of the trust, with provisions giving to the trustee power to sell the property in case of default by said debtors. On the same day the same grantors made a second deed of trust to Title Insurance and Trust Company, on the same property, to secure a note of that date in the sum of $2,500, payable to Isobel Loomis Hill. The provisions of this trust deed were .in like form as the Hancock trust deed. Both deeds were recorded at the same time on June 30, 1911. On September 16, 1913, on payment of the Hill indebtedness, the trustee quitclaimed and reconveyed to William Wolfer "without warranty," all the estate and property described in said Hill deed of trust and by said deed of trust granted to the trustee.

By deed of date June 21, 1911, recorded June 30, 1911, Wolfer and wife granted the same property to Telford, who subsequently granted it to Dobson, who thereafter, on August 20, 1912, granted the same property to Philip L. Wilson by deed recorded August 28, 1912. The three deeds last mentioned contained declarations to the effect that they were subject to each of said trust deeds of June 12, 1911.

By deed dated November 11, 1916, recorded November 15, 1916, Philip L. Wilson and his wife Maud N. Wilson granted the property to A. E. Brown, stating therein that the conveyance was subject to the Hancock trust deed. By deed of trust of the same date, and recorded at the same time, Brown conveyed the property to Title Guarantee and Trust Company as security for a note of the same date executed by Brown to Maud N. Wilson, in the sum of $4,500. It was provided therein that this trust deed was subject to the Hancock trust deed. The Wilson trust deed conveyed the property "in trust, however, with power of sale, . . . to have and to hold the same to the party of the second part and to its successors and assigns . . . upon the trusts and confidences hereinafter expressed, to-wit."

There were then set forth the terms of the trust, with provision for power to sell in the event of default in the payment of the debt. Since no other differences have been pointed out, we shall assume that this deed was in like form as the Hancock trust deed, excepting only the differences shown by the clauses which we have quoted.

On the twentieth day of February, 1918, pursuant to notice given in accordance with the Hancock trust deed, the Title Insurance and Trust Company, as trustee under that deed, offered said real property for sale at public auction, and sold the same to H. Oscar Vogel, he being the highest and best bidder therefor, for the sum of $18,125.17. Thereupon, pursuant to that sale, the trustee granted the property to said Vogel, by deed of the same date, recorded March 20, 1919. By deed of the same date, also recorded March 20, 1919, H. Oscar Vogel conveyed the property to William Wolfer. By trust deed dated February 1, 1919, recorded March 20, 1919, Wolfer and wife granted the property to Title Insurance and Trust Company as security for a note in the sum of $12,000, dated February 1, 1919, and due three years after date, payable to Herman O. Vogel. By deed

dated November 19, 1919, recorded December 30, 1919, Wolfer and wife deeded the property to Kenneth McLennan. McLennan thereafter executed a lease to Eva I. Lufkin, who later assigned that lease to defendant Fisher. Subsequent to the excution of the lease, McLennan conveyed the property by deed of grant to defendant Albert B. Jones.

On December 28, 1918, pursuant to notices given and sale made under the terms of the Wilson trust deed, Title Guarantee and Trust Company executed a deed purporting to convey the property to the plaintiff S. H. Duncan. This is the deed under which the plaintiff claims title, contending that this title is superior to that of the defendants in whose favor judgment has been entered. From the foregoing recital of facts (and assuming that the reconveyance of September 16, 1913, by the Title Insurance and Trust Company to William Wolfer, operated only to restore the title acquired by the company under the Hill trust deed, and did not affect the trustee's title acquired by the Hancock trust deed), it appears that the title acquired by Herman O. Vogel through the trustee's sale under the Hancock trust deed is superior to the title claimed by the plaintiff as purchaser from the trustee under the Wilson trust deed; unless it be held that, as contended by the plaintiff, the Hancock trust deed was only a mortgage given to secure the indebtedness of Wolfer to Hancock.

Appellant contends that the Hancock trust deed should be construed to be only a mortgage whereby a lien was imposed on the property as security for the payment of the Hancock note; that as a mortgage it could not be enforced except by judicial proceedings in foreclosure and a decree ordering sale to be made, subject to the debtor's right of redemption; that from and after June 12, 1918, the right to foreclose was barred by the statute of limitations and the mortgage had ceased to be a lien upon the property described therein; that thereafter the Wilson trust deed had acquired priority, and consequently that the plaintiff became the owner of the land by virtue of the trustee's deed to him pursuant to valid proceedings for the enforcement of that trust deed.

[1] Counsel for appellants say that the Hancock trust deed failed to vest title in the trustee, and failed to confer upon the trustee any power of sale, because the granting clause preceding the *habendum* clause of the trust deed was

in the terms of an unqualified grant without the words "in trust with power of sale," or their equivalent; that the premises containing the granting clause are irreconcilable with the *habendum* clause, which provided that the Title Insurance and Trust Company, to whom the grant had been made unconditionally in the premises, was "to have and to hold the same upon the trusts hereinafter expressed, to-wit," etc.; that the authorities are to the effect that where the *habendum* is irreconcilable with the premises, the premises must prevail; that since, under this construction, the trust deed did not differ from any other deed in the form of a grant deed, and since it further appeared therein that it was given as security for a debt, that therefore the case comes under the rule of those decisions which hold that where a deed in the form of a deed of grant is made as security for the payment of a debt, the instrument is a mortgage and can be enforced only by process of foreclosure.

Counsel for appellant rely upon certain code provisions and decisions to which we now briefly refer. We cannot agree that section 865 of the Civil Code contains any directions concerning the form of a trust deed. It only defines the rights of a grantee or devisee of real property that is subject to an existing trust. It relates to the situation where the trustor, having first created the trust, conveys or devises the same property to other persons. The words of the section are: "The grantee or devisee of real property subject to a trust acquires a legal estate in the property, as against all persons except the trustees and those lawfully claiming under them." (*MacLeod* v. *Moran,* 153 Cal. 97, 100 [94 Pac. 604].)

*Parks* v. *Gates,* 32 Cal. App. Dec. 725, cited by appellant, was superseded on rehearing by a judgment of the supreme court, wherein it was held that "Under the rules of construction, the whole instrument must be read together to determine the effect of a deed, and the *habendum* may be resorted to as a limitation upon the estate granted." (*Parks* v. *Gates,* 186 Cal. 151, 154 [199 Pac. 40, 41].) The other decisions referred to under this head in the brief for appellant are not more in point than the code section and the court of appeal decision to which we have referred. The Hancock trust deed contains, in a form which for many years has been customary, the provisions of a trust deed creating

an express trust for the purpose of securing the payment of a debt, and with adequate powers of sale in the event of default made by the trustors in payment of their debt. The rule that the trustee, by complying with the requirements of the trust deed as set forth therein, may pass title to a purchaser at the trustee's sale, is thoroughly established by decision in this state. (*Koch* v. *Briggs,* 14 Cal. 256 [73 Am. Dec. 651] ; *Herbert Kraft Co.* v. *Bryan,* 140 Cal. 73, 80 [73 Pac. 745].)

The other contentions of appellant to which we have referred in connection with his claim that the Hancock trust deed should be construed as a mortgage all depend upon the question raised as to the nature of that deed. They necessarily fail when it is determined that that instrument was a deed of trust carrying with it the powers and consequences which, as we think, sustain the title acquired by the purchaser at the trustee's sale.

[2] Appellant contends further that the deed of reconveyance made by Title Insurance and Trust Company to William Wolfer, on payment of the Hill indebtedness, passed the title back to Wolfer free from the Hancock trust deed, because the Title Insurance and Trust Company was the grantee in both deeds, and in its deed of reconveyance did not specifically reserve its rights under the Hancock trust deed. But the reconveyance shows on its face that it was limited and intended to be limited as a reconveyance of the estate conveyed to the trustee under the Hill trust deed, upon payment of the indebtedness secured thereby. This being so, it did not in any way affect the rights conferred or the title conveyed by the Hancock deed of trust, any more than if the latter document had been a conveyance to a different trustee.

[3] It will be noted that although the purchase price named in the sale from the trustee to Vogel was $18,125.17, the sale was followed by a deed from Vogel to Wolfer and a trust deed back from Wolfer, for the benefit of Vogel, to secure an indebtedness of $12,000. In this connection, the evidence shows that these transactions were pursuant to an arrangement made between Vogel and Wolfer whereby Wolfer paid over to Vogel the difference between those two sums and gave Vogel a note, to be secured by said new trust deed, in the sum of $12,000. Appellant claims that the sale was in effect a sale to Wolfer, and not to Vogel, and that by rea-

son thereof it should be held that if any title passed by that deed, it was a title vested in Wolfer free from any further effect of the Hancock trust deed; and that thereupon the trustee under the Wilson trust deed became vested with a complete title, no longer subject to any prior claim under the Hancock trust deed. But this result could not follow unless it can be said that, by virtue of the facts stated, the sale itself was not a genuine sale. This argument might have some plausibility if Wolfer had advanced the entire amount of the debt then due to Vogel, for then it might be claimed that the debtor had paid the debt and that under those circumstances there was no power of sale, but only a duty of the trustee to reconvey to the trustor. But it is clear that at the time of the trustee's sale, the full sum bid by Vogel was then owing to him. He had the right to make a contract whereby, upon acquiring the title, he would be able to dispose of it on suitable terms. Unquestionably, then, Vogel had the right to sell and convey the property to Wolfer or to any other purchaser, and to accept in consideration thereof, either in whole or in part, an obligation secured by a deed of trust of the land thus conveyed by him. Under this view of the case, the property should be held subject to the Vogel deed of trust, even if it were determined that the beneficial ownership thus conferred upon Wolfer inured to the benefit of the plaintiff.

[4] Since the title of defendant Jones, derived by him from McLennan, rests upon the deed of November 19, 1919, from Wolfer to McLennan, its validity depends upon Wolfer's ownership of the property (subject to the Vogel trust deed) at the last-mentioned date. Plaintiff claims as successor to the title granted by Wolfer to Telford on June 21, 1911. He contends that, even conceding the validity of the trustee's deed to Vogel, the grant by Vogel to Wolfer *ipso facto* passed to the plaintiff the title thus acquired. This contention is based upon section 1106 of the Civil Code, which reads as follows: ''Where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title, or claim of title thereto, the same passes by operation of law to the grantee, or his successors.'' In reply it is sufficient to call attention to the fact that the deed of Wolfer to Telford was by its terms made subject to the Hancock trust deed. The fact was thus recognized that

Wolfer was not conveying to Telford a title "in fee simple," as against the title conveyed by the Hancock trust deed. The subsequent sale and deed by the trustee cut off the equity of redemption, which was all that Wolfer had, and all that he could convey. It results that at the time when Vogel conveyed to Wolfer, the plaintiff had no remaining interest in the property. It was the plaintiff's equitable interest only that, while it survived, could draw to it any title acquired by Wolfer.

[5] The Hancock trust deed provided that if default be made in payment of the debt, the trustee should have power to sell the property on written demand by the creditor, "but without the necessity of making demand on the parties of the first part for the payment of any of said sums . . . in the following manner, namely": then stating the manner of giving notice of sale and of conducting the same. The recitals of the trustee's deed to Vogel show compliance with all of these conditions and directions, and that is sufficient. (*Savings & Loan Soc.* v. *Deering,* 66 Cal. 281 [5 Pac. 353]; *Roberts* v. *Colgrove,* 179 Cal. 669 [180 Pac. 937].)

But at the end of the trust deed is found the following separate paragraph: "It is expressly agreed by and between the parties hereto that no action shall be taken under the terms of this trust deed to sell the property covered hereby until the makers of the note secured hereby, or their successors in interest, shall have been given six months written notice in advance of the intention to cause any such sale to be made." Appellant contends that the sale was invalid because there was no proof that this six months' written notice had been given. It does not appear that this point was brought to the attention of the court below in connection with appellant's objection to the introduction of the deed in evidence, and it is without merit. The stipulation is only a personal covenant. It is not a limitation on the power of the trustee to sell and convey. Unless so construed, it is inconsistent with the earlier terms of the deed, which declare the conditions under which sale may be made, and provide that on default by the debtor and demand by the creditor on the trustee to make the sale, the trustee shall sell the granted property after first publishing notice for six weeks. The earlier terms control. (Civ. Code, sec. 1070.)

Counsel for appellant next suggests that evidence was not given of the making of a *"moratorium"* affidavit, to show that the property was not the property of·an alien enemy, and that for this reason the deed was inadmissible in evidence. No reason or authority is presented in support of this contention. The citation, apparently of some statute, is so deficient that we are unable to ascertain what statute, either federal or state, was intended. If counsel intended to refer to chapter 106 of the "Trading With the Enemy Act," adopted October·6, 1917 (Fed. Stats. Ann. (1918 Supp.), p. 846; U. S. Comp. Stats. (Supp. 1919), sec. 3115½a), we have not been able to learn what provision thereof sustains the contention made.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 8, 1923, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 8, 1923.

All the Justices concurred.