[Civ. No. 760. Fourth Appellate District.—February 1, 1932.]

THE LA ARCADA COMPANY (a Corporation), Appellant, v. BANK OF AMERICA (a Corporation) et al., Defendants.

Charles Greenberg for Appellant.

Freston, Mulroney, Nilsson & Files and L. E. Tripp for Respondents.

LAMBERT, J., *pro tem.*—Plaintiff and appellant instituted an action against defendants and respondents for an injunction and declaratory relief to enjoin the sale of certain property pursuant to the terms of a certain instrument which appellant contends is a mortgage and respondents claim is a trust deed. The sale was made and plaintiff

then filed an amended and supplemental complaint seeking to have the instrument declared a mortgage with the consequent right of redemption; and also that if the court should find it was a trust deed that it should be set aside on account of certain irregularities therein.

The findings of the court foreclosed the consideration of the last point and the sole question before this court is whether or not the said instrument is a trust deed or a mortgage. The trial court found the instrument to be a trust deed. On November 1, 1925, Hattie G. Stockton executed what is called by the parties "Trust Indenture" on certain real property in Santa Barbara, California, to secure a bond issue of $475,000. The instrument is verbose and somewhat prolix, and entirely too long to be set out in this opinion, occupying, as it does, 103 pages of the supplement to appellant's brief.

A deed of trust is a conveyance in trust to secure an indebtedness or charge against the trust estate, the property conveyed, with power of sale vested in the trustee to sell according to the terms of the trust set forth in the instrument. The parties necessary are a trustor or grantor, trustee and beneficiary (*Savings & Loan Soc.* v. *Burnett*, 106 Cal. 514 [39 Pac. 922]; *Duncan* v. *Wolfer*, 60 Cal. App. 120 [212 Pac. 390]).

A mortgage is defined by the Civil Code, section 2920, as follows: "Mortgage is a contract by which specific property is hypothecated for the performance of an act, without the necessity of a change of possession," and by section 2924 of the Civil Code: "Every transfer of an interest in property *other than in trust* (italics ours), made only as a security for the performance of another act, is deemed to be a mortgage. . . ."

With the above distinction between a trust deed and a mortgage in mind, we will briefly discuss the document. The best rule to follow in the interpretation of a written instrument is to place ourselves in the place of the parties thereto at the time the instrument was executed, then take it by the four corners and read it and give it the effect that the parties manifestly intended that it should have. (*Walsh* v. *Hill*, 38 Cal. 481, at 487.) This document commences as follows: "This indenture, made and entered into as of the 1st day of November, 1925, by and between

Hattie G. Stockton, a single woman, of the County of Santa Barbara, State of California, hereinafter called the Grantor, party of the first part, and Hellman Commercial Trust & Savings Bank, a corporation . . . for the purpose, among other things, of holding and administering property in trust, having its principal place of business in the city of Los Angeles, county of Los Angeles, State of California, to act as Grantee hereunder and to accept and administer the trusts herein created on the terms and conditions hereof, hereinafter called the trustee, party of the second part; Witnesseth:'' etc. Then, after stating that the grantor is the owner of certain property and has agreed to borrow the sum of $475,000, and as evidence of such loan, to execute her bonds to be known as La Arcada Building First Mortgage Seven Per Cent Serial Gold Bonds, giving the numbers and denominations of the bonds, form of the bonds and form of trustee's certificate and form for registration, we come to the granting part of this indenture, which is as follows:

"Now, therefore, this indenture witnesseth:

"That in order to secure the payment of the principal and interest of all of said La Arcada Building First Mortgage Seven Per Cent Serial Gold Bonds at any time issued and outstanding under this Indenture, according to their tenor, purport and effect, and to secure the performance and observance of all of the covenants and conditions therein and herein contained, and to declare the terms and conditions upon which said bonds are to be issued, received and held, and for and in consideration of the premises, and of the purchase or acceptance of said bonds by the holders thereof, and of the sum of Ten Dollars ($10.00), lawful money of the United States of America to the party of the first part duly paid by the Trustee at or before the ensealing and delivery of this Trust Indenture, the receipt of which is hereby acknowledged, the party of the first part has executed and delivered this Indenture, and has granted, bargained, sold, warranted, transferred, aliened, remised, released, conveyed, confirmed, assigned, set over, mortgaged and pledged, and by these presents does grant, bargain sell, warrant, transfer, alien, remise, release, convey, confirm, assign, set over, mortgage and pledge unto the Trustee, its successor or successors in the trust hereby established, and its and their successors and assigns, that certain

parcel of real property, which property is hereinafter referred to as the 'Trust Estate', situate in the city of Santa Barbara, County of Santa Barbara, State of California. . . . ''

Following the *habendum* clause it contains this language: *"But in Trust,* nevertheless, under and subject to the terms, etc., . . . of this trust indenture. . . . ''

Then follows a description of the property. The document is then divided into twelve articles, in which are set out the terms and conditions customarily used in such an instrument. In article VII provision is made regarding a default and the remedies thereunder, and it is provided in sections 4 and 5 thereof as follows:

"Section 4. If one or more of the events of default shall happen, then and in each and every such case the Trustee in its discretion may, and upon the written request of the holders of fifteen per cent (15%) in amount of the bonds secured hereby and then outstanding, shall proceed to protect or enforce its right, or rights of the bond-holders under this Indenture, by a suit in equity or action at Law, either for the specific performance of any covenant or agreement contained herein, or in aid of the execution of any power herein granted or for the foreclosure of this mortgage or Trust Indenture, or for the enforcement of any other appropriate legal or equitable remedy as the Trustee shall in its discretion deem most effectual in the support of any of its rights or duties hereunder; and upon instituting such proceedings, or in order to take possession of the Trust Estate, as hereinbefore provided, the Trustee shall be entitled as of right to the appointment of a receiver of the Trust Estate to take possession thereof, and shall also be entitled to the sale of the Trust Estate as an entirety, if the Court in its discretion shall so order.

"Section 5. If one or more of the events of default shall happen, the Trustee, with or without entry, personally or by attorney, in its discretion may, and upon the written request of the holders of fifteen per cent (15%) in amount of the bonds secured hereby then outstanding shall proceed to sell to the highest and best bidder the Trust Estate and all and singular the premises and property subject to this Trust Indenture, and all rights, title, interest, claim and demand of the Grantor therein and thereto. Any such sale of said property made pursuant to any provisions of this Trust

Indenture, unless it is otherwise directed by a court of competent jurisdiction, shall be at public auction in the city of Santa Barbara, State of California, at such time and place and upon such terms and conditions as the Trustee may fix, and the Trustee shall give and publish a notice of any such sale pursuant to any provision of this Trust Indenture, which notice shall state the time and place when and where the sale is to be made and shall contain a brief general description of the property to be sold, and shall be given in the manner and for a time not less than that now or hereafter required by law for sales of real property upon execution, and otherwise in all respects in accordance with the provisions of Section 2924 of the Civil Code of the State of California; and prior to the date of sale the Trustee shall also give such other notice or notices of sale for such time and in such manner, and at such place or places as now or hereafter may be required, by any statute, law, rule or order of court applicable in the premises.''

Appellant argues that this document which the trial court found to be a deed of trust, and so appearing from its general contents, is deprived of this character and is a mortgage with right of redemption, not because to so construe it violates the actual evident intent of the parties, but because it contains some expressions appropriate to a mortgage. Appellant claims that because the instrument provides for foreclosure by a judicial sale as one remedy, as well as a sale under section 2924 of the Civil Code, that it must of necessity therefore be a mortgage. This result would not follow at all. This contention has been recently decided adversely to appellant in the case of *H. A. McDonald* v. *Smoke Creek Livestock Co. et al.*, 209 Cal. 231, at 236 [286 Pac. 693]. Other expressions relied upon are those contained in the bonds, where the bonds are referred to as ''First Mortgage Bonds'', and also reference to the ''foreclosure of this mortgage''. In regard to the bonds being referred to as ''first mortgage bonds'', when as a matter of fact they are secured by a trust deed, while this description may be not strictly accurate, it seems that this expression has grown into use over a period of many years, and is somewhat of a trade name for this type of security. As to the use of the word ''mortgage'' and the phrase ''the foreclosure of this mort-

gage'' and one other, ''the foreclosure of this mortgage or trust indenture'', these are not sufficient, in view of the rest of the document, to make it a mortgage. The fact is that the instrument bears the caption ''Trust Indenture'', and throughout, it speaks of itself as ''this trust indenture'' and of the property conveyed as ''the trust estate''. Respondent in his brief states that these expressions are used to characterize the instrument and the property subject to its terms, a total of at least ninety times. We have not conuted them, but appellant has not denied this to be a fact, and anyhow the instrument is not to be construed according to just how many times particular words may be found in it. Appellant also refers to the fact that the document in question refers to ''the lien of this trust indenture''. The use of the phrase ''the lien of this trust indenture'', while not technically accurate, has sanction of common usage, and even of judicial approval. (*Smith* v. *Goethe,* 147 Cal. 725, at 737 [82 Pac. 384]; *Savings Bank of San Diego* v. *Daley,* 121 Cal. 199, at 201 [53 Pac. 420]; 25 Cal. Jur., Trust Deeds, sec. 4, p. 12.) Appellant also refers to the fact that the word ''mortgage'' is used in the granting clause. As to this, we find that the author of the instrument, in conveying the idea of a grant, used twenty-seven words, two of which were ''mortgaged'' and ''mortgage'', respectively. Appellant would have us disregard all other words and construe the instrument according to the two words of ''mortgage'' and ''mortgaged''. It is quite apparent that the word ''mortgage'', used in this clause in either the present or past tense was mere surplusage; wholly inconsistent with the general intent of the instrument and should be rejected. (Civ. Code, sec. 1653.)

It is true, as contended by appellant, that if the question were in doubt, the duty of the court would be to construe the document as a mortgage. However, we are convinced that one reading this instrument, free from any outside suggestion as to its being a mortgage, would never get the slightest impression that it was a mortgage. With no degree of logic can it be argued that the property conveyed in this instrument was not conveyed to a trustee in trust for specific purposes, and this, under section 2924 of the Civil Code, and the authorities exclude the idea of its being a mortgage.

One or two other points are made, but do not merit discussion. We conclude the instrument is a deed of trust. The judgment of the trial court is affirmed.

Barnard, P. J., and Marks, J., concurred.