[L. A. No. 15486. In Bank.—June 29, 1937.]

WALTER C. DURST, as Trustee in Bankruptcy, etc., Appellant, v. LEIGH M. BATTSON et al., Respondents.

Hunsaker, Moote & Longcroft, Kimball Fletcher and Daniel M. Hunsaker for Appellant.

O'Melveny, Tuller & Myers, Homer I. Mitchell and Lucien W. Shaw for Respondents.

LANGDON, J.—This is an action for an accounting and to enjoin a sale under a deed of trust.

Arcady Apartment Hotel Company, a corporation, made a trust indenture and chattel mortgage in 1927, covering real and personal property, to secure a bond issue of $1,325,000. The money was used to erect and furnish a hotel on the then

unimproved real property. A chattel mortgage on the furnishings was executed in August, 1928, confirming the provisions of the trust indenture in this respect. The hotel business was not successful, and delinquencies occurred in payments under the deed of trust. In 1929 the trustee took possession and operated the business. Defaults nevertheless continued, and in 1932 the trustee, in accordance with the provisions of the trust indenture, accelerated the maturities of the bonds. In March, 1934, the hotel company was adjudicated a bankrupt, and plaintiff became its trustee in bankruptcy. In November, 1934, notice of sale was given by defendant, trustee under the deed of trust. Plaintiff then brought this action. The trial court denied an injunction *pendente lite,* and the sale was held on November 16, 1934, at which Arcady-Wilshire Company purchased the property for $260,000. A supplemental complaint was then filed by plaintiff to set aside the sale, in which this latter company was joined as a defendant.

The trial court found that the trust indenture and subsequent chattel mortgage were valid instruments covering both the real and personal property; that the sale was proper; and that the sum paid was the fair market value of the property. Judgment was rendered for the defendant, the court holding that plaintiff was not entitled to an accounting or any other relief. Plaintiff appealed on the judgment roll.

The first point urged is that since the indenture provided for payment of the principal and interest in gold coin, and this was impossible under the federal law, only a court of equity could enforce the obligation. This court has held, however, that under such circumstances a sale can be held with payment in ordinary legal tender. (*Pacific States Sav. & Loan Co.* v. *O'Neill,* 7 Cal. (2d) 596 [61 Pac. (2d) 1160]; see, also, *Security-First Nat. Bank* v. *De La Cuesta,* 15 Cal. App. (2d) 302 [59 Pac. (2d) 542].)

Plaintiff's second point is that the indenture was not a deed of trust but a mortgage, and that the statute of limitations had run against the right to enforce the lien. His theory seems to be that under the law then in force, the provision for the alternative remedy of foreclosure, and reference in the instrument to the "lien", were inconsistent with the conclusion that a deed of trust was created. Such provisions, however, are common, and have been sustained. (See

*McDonald* v. *Smoke Creek Livestock Co.,* 209 Cal. 231 [286 Pac. 693] ; *La Arcada Co.* v. *Bank of America,* 120 Cal. App. 397 [7 Pac. (2d) 1115].)   Moreover, the statute of limitations was not pleaded nor otherwise raised by plaintiff in the lower court.

Plaintiff further suggests the economic depression and low real estate values of the period as a reason for enjoining or setting aside the sale, but this court has already held to the contrary.   (*Brennan* v. *American Trust Co.,* 3 Cal. (2d) 635 [45 Pac. (2d) 207].)

Plaintiff also attacks the validity of the chattel mortgage, contending that the same instrument could not transfer title to the real property and create only a mortgage lien on the personal property.   The provisions of the instrument were, however, clearly sufficient, and the statutory requirements were followed.

The judgment is affirmed.

Edmonds, J., Curtis, J., Shenk, J., and Seawell, J., concurred.