[L. A. No. 15769. In Bank.—June 29, 1937.]

JENNIE St. GEORGE, Appellant, v. WILLIAM MEYER et al., Respondents.

Martin E. Geibel for Appellant.

Cressaty & Elstein, Arch H. Vernon, Earl E. Johnson and Gilbert E. Harris for Respondents.

LANGDON, J.—This is an action to set aside a sale under a deed of trust. Defendant had judgment and plaintiff appealed.

The bulk of plaintiff's brief is devoted to the proposition that deeds of trust are but mortgages, which must be foreclosed by a judicial proceeding. This question is no longer open in California. (*Bank of Italy Nat. T. & S. Assn.* v. *Bentley,* 217 Cal. 644 [20 Pac. (2d) 940]; *Medico-Dental Discount Corp.* v. *Title Ins. & Trust Co.,* 11 Cal. App. (2d) 200 [53 Pac. (2d) 386].)

The objection that the provision in the instrument for payment in gold coin necessitated judicial foreclosure is answered by our decision in *Durst* v. *Battson,* L. A. No. 15486, this day filed (*ante,* p. 156 [69 Pac. (2d) 992]).

An unlawful detainer action was brought against plaintiff by the purchaser at the trustee's sale, and plaintiff sought unsuccessfully to abate the same. She now contends that section 1161a of the Code of Civil Procedure, which permits such a proceeding, is unconstitutional. The section has been upheld and applied in several decisions. (*Nineteenth Realty Co.* v. *Diggs,* 134 Cal. App. 278 [25 Pac. (2d) 522]; *Hewitt* v. *Justice's Court,* 131 Cal. App. 439 [21 Pac. (2d) 641]; *American Nat. Bank* v. *Johnson,* 124 Cal. App. (Supp.) 783 [11 Pac. (2d) 916]; *Berkeley Guarantee Building & Loan Assn.* v. *Cunnyngham,* 218 Cal. 714 [24 Pac. (2d) 782].)

The judgment is affirmed.

Edmonds, J., Curtis, J., Shenk, J., and Seawell, J., concurred.

Rehearing denied.