**Barbara BUSCH, Plaintiff,**

v.

**Patricia Hughes TORRES, Esq.; Los Angeles County; Sheriff Sherman Block; Deputy Sheriff Sergeant Robert Bouffard; Sheriff's Deputies John and Jane Doe, 1 through 15, inclusive, Defendants.**

**No. CV 94–6091–RG(RMC).**

United States District Court, C.D. California.

Nov. 1, 1995.

Barbara Busch, Los Angeles, CA, pro se.

Patrick T. Meyers and H. Anthony Nicklin, Los Angeles, CA, for Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

GADBOIS, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Complaint and other papers along with the attached Report and Recommendation of the United States Magistrate Judge, and has made a *de novo* determination of the Report and Recommendation.

IT IS ORDERED that: (1) the Report and Recommendation be adopted in its entirety as the findings of fact and conclusions of law herein; (2) Claims # 2 through 6 are dismissed for lack of subject matter jurisdiction; (3) defendants' motion for summary judgment on Claim # 1, use of excessive force, is granted; and (4) Judgment shall be entered in favor of defendants County of Los Angeles and Robert Bouffard, and the Complaint and action is dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve forthwith a copy of this Order and the Judgment of this date on the parties.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This report and recommendation is submitted to the Honorable Richard A. Gadbois, Jr., United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## BACKGROUND

On October 7, 1994, plaintiff Barbara Busch, proceeding *pro se,* filed her First Amended Complaint, pursuant to 42 U.S.C. § 1983, against Patricia Hughes Torres, Los Angeles County, Sheriff Sherman Block, Deputy Sheriff Sergeant Robert Bouffard, and Sheriff's Deputies John and Jane Does 1 through 15. Plaintiff's claims arise out of her eviction, on September 16, 1994, from her former residence at 2401 Hadley Lane, Redondo Beach, California (hereafter premises). Plaintiff alleges in various ways that the eviction was unlawful. However, the state court records show that plaintiff's former residence was purchased at a foreclosure sale [1] and the purchaser then brought an unlawful detainer action [2] (hereafter "the unlawful detainer action") against plaintiff and obtained a judgment against plaintiff and a writ of possession for the premises. Plaintiff requested a stay of execution of the writ of possession, which the Municipal Court denied, and the Los Angeles County Sheriff executed the writ and removed plaintiff from the premises.

In her First Amended Complaint, plaintiff alleges that on September 16, 1994, defendants, without a warrant, forcibly opened the front door of the premises, entered with weapons drawn, and seized the premises (Complaint, 4:14–20). Plaintiff further alleges that one of the Doe defendants physically pulled plaintiff out of the premises and warned her not to return (Complaint, 4:20–22). As a result, plaintiff claims that she is deprived of "necessities of life," including all her files, books, computers and records (Complaint, 5:8–11). Plaintiff also contends that the County of Los Angeles has established an improper custom and policy for its employees to seize property without a war-

---

1. This Court takes judicial notice of the records in *Busch v. Source One Mortgage,* Los Angeles Superior Court, Case No. YC016000, in which plaintiff litigated the title to the premises. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir.1992); *United States v. Author Services, Inc.,* 804 F.2d 1520, 1523 (9th Cir.1986), *amended* 811 F.2d 1264 (1987).

2. This Court also takes judicial notice of the records in the unlawful detainer action, *First Interstate Bank v. Busch,* Los Angeles Municipal Court, Case No. 94Z 01523. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir.1992); *United States v. Author Services, Inc.,* 804 F.2d 1520, 1523 (9th Cir.1986), *amended* 811 F.2d 1264 (1987).

rant and has knowingly failed to instruct, monitor and correct the improper, warrantless seizure of property by use of force (Complaint, 5:16–25). Lastly, plaintiff repeatedly alleges that defendants used "military type" tactics (Complaint, 5:5), and that the County of Los Angeles unconstitutionally maintains a standing army, i.e. the Sheriff's Department (Complaint, 6:8–11).

Plaintiff's first cause of action alleges that defendants conducted a warrantless search and seizure of the premises in violation of the Fourth Amendment (Claim # 1) (Complaint, 6:26–7:2). Plaintiff's second cause of action alleges a procedural due process claim (Claim # 2) (Complaint, 7:3–6). Plaintiff's third cause of action alleges that defendants seized her property without just compensation in violation of the Fifth Amendment (Claim # 3) (Complaint, 7:7–8). Plaintiff's fourth cause of action alleges a violation of substantive due process under the Fifth Amendment (Claim # 4) (Complaint, 7:9–12). Plaintiff's fifth cause of action alleges that defendants' use of a standing army in times of peace violates Article I, Section 10, Clause 3 of the Constitution (Claim # 5) (Complaint, 6:8–11). Plaintiff's sixth cause of action alleges that defendants, by depriving her of food, clothing, shelter, and the means of caring for her health and of making a living, violated the cruel and unusual punishment provision of the Eighth Amendment (Claim # 6) (Complaint, 7:17–21). Finally, plaintiff contends that the allegations set forth in her complaint also state an unspecified "pendant" state cause of action (Claim # 7) (Complaint, 7:24–27).

Plaintiff seeks a declaratory judgment stating that: (1) defendants, when they evicted her on September 16, 1994, committed an unlawful forcible entry and seizure in violation of the Fourth, Fifth, and Fourteenth Amendments (Complaint, 8:3–7); (2) defendants, when they evicted her on September 16, 1994, used a standing army in times of peace in violation of the Constitution (Complaint, 8:8–11); (3) the denial to plaintiff of the use of the premises and the possessions therein is a violation of the Eighth Amendment (Complaint, 8:12–17); and (4) plaintiff

is entitled to regain control of the premises [3] (Complaint, 8:18–20). Plaintiff also seeks compensatory damages in the amount of $313,000.00, punitive damages in the amount of $1 million, exemplary damages in the amount of $1 million, costs and legal fees.

This Court dismissed defendants Torres and Block from the action by orders dated October 7, 1994, and December 12, 1994, and denied plaintiff's motion to name Does 1–13 as indispensable parties to the action on May 10, 1995. The action is pending against defendants County of Los Angeles and Deputy Sheriff Sergeant Robert Bouffard ("defendants"). On May 19, 1995, plaintiff filed a motion for judgment on the pleadings, and on May 31, 1995 defendants filed their opposition. This Court took plaintiff's motion for judgment on the pleadings under submission. On August 24, 1995, defendants filed a motion for summary judgment, which includes the declaration of defendant Bouffard and a videotape of the enforcement of the writ of possession at the premises. Plaintiff has filed an opposition and her own declaration. On September 13, 1995, defendants filed their reply. For the reasons stated below, this Court grants defendants' motion for summary judgment, thereby making it unnecessary to consider plaintiff's motion for judgment on the pleadings.

## DISCUSSION

■ Fed.R.Civ.P. 56(c) authorizes the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The standard for granting a motion for summary judgment is essentially the same as for granting a directed verdict. Judgment must be entered "if, under the governing law, there can be but one reasonable conclusion as to the verdict.... If reasonable minds could differ ..." judgment should not be entered in favor of the moving party. *Anderson v. Liberty Lobby, Inc.*, 477

3. This prayer clearly demonstrates the true nature of the pending action.

U.S. 242, 250–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of identifying the elements of the claim in the pleadings, or other evidence, which the moving party "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Zoslaw v. MCA Distrib. Corp.,* 693 F.2d 870, 883 (9th Cir.1982). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.,* 677 F.2d 1301, 1305–06 (9th Cir.1982). The burden then shifts to the non-moving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Finally, the parties bear the same substantive burden of proof as would apply at a trial on the merits. *Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. at 2512.

The gravamen of plaintiff's complaint is a challenge to the state court judgment in the unlawful detainer action and the subsequent enforcement of the judgment through the writ of possession. Under the Rooker–Feldman doctrine, this Court is precluded from reviewing that judgment and its execution. "[R]eview of state court decisions may only be conducted in the United States Supreme Court. Lower federal courts may not review such decisions." *Partington v. Gedan,* 961 F.2d 852, 864 (9th Cir.), *cert. denied,* 506 U.S. 999, 113 S.Ct. 600, 121 L.Ed.2d 537 (1992) (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 482, 486, 103 S.Ct. 1303, 1311, 1314, 1317, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923). The Rooker–Feldman doctrine is a jurisdictional bar that prevents federal court review even if the complaint alleges that the state court's action was unconstitutional. *Feldman,* 460 U.S. at 486, 103 S.Ct. at 1317; *Allah v. Superior Court,* 871 F.2d 887, 890–91 (9th Cir.1989) (barring Section 1983 action challenging state court decision based on alleged violations of due process and equal protection); *Worldwide Church of God v. McNair,* 805 F.2d 888, 893 (9th Cir.1986) (barring Section 1983 action challenging state court decision on First Amendment grounds).

A complaint challenges a state court decision if the constitutional claims are "inextricably intertwined" with the state court's decision in a judicial proceeding. *Feldman,* 460 U.S. at 483 n. 16, 103 S.Ct. at 1316 n. 16. "[T]he federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring); *See also Worldwide Church of God,* 805 F.2d at 892–93.

Recently the Seventh Circuit has explained that "if a suit seeking damages for the execution of a judicial order is just a way to contest the order itself, then the Rooker–Feldman doctrine is in play." *Homola v. McNamara,* 59 F.3d 647, 651 (1995). Under this principle, the *Homola* court held that a Section 1983 plaintiff could not challenge the constitutionality of a court-ordered inspection of plaintiff's real property or the constitutionality of contempt proceedings which led to plaintiff's arrest for refusing to allow the inspection. *Id.* at 649–50. The appeals court reasoned that just as it is impossible to attack a state court order in federal court, it is impossible to attack the implementation of that order by suing the individuals, either in their individual or official capacities, responsible for effecting the decision; thus, the district court lacks jurisdiction to hear the Section 1983 suit. *See also Scott v. O'Grady,* 975 F.2d 366 (7th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 2421, 124 L.Ed.2d 643 (1993) (federal court lacked jurisdiction over Section 1983 suit against sheriff's deputies who, in carrying out state court eviction order, were acting as state agents protected by the Eleventh Amendment).

Here, all of plaintiff's claims, with the exception of Claim # 1, necessarily require review of the execution of the state court writ of possession issued in the unlawful detainer action, and are barred under the Rooker–Feldman doctrine. Apart from Rooker–Feldman, the records in the unlawful detainer action show that plaintiff had notice and opportunity to be heard prior to the execution of the writ of possession; in fact, plaintiff fully litigated the unlawful detainer claim, the issuance of the writ of possession, and her request for a stay of execution.

## Claim # 1. Excessive Force:

 Claim # 1, the cause of action under the Fourth Amendment for the warrantless search and seizure of the premises, may be liberally construed to state a claim for use of excessive force[4] in enforcing the writ of possession, and that claim does not run afoul of the Rooker–Feldman doctrine. Cf. *Heck v. Humphrey*, —— U.S. ——, ——––—— n. 7, 114 S.Ct. 2364, 2372–74 n. 7, 129 L.Ed.2d 383 (1994) (conviction does not necessarily foreclose a claim based on a wrongful search or arrest because a conviction may be valid even when the arrest is not).

 To succeed in an excessive force claim against defendant County of Los Angeles ("defendant County"), plaintiff must show that defendant County's unconstitutional policy or custom caused her injury. Municipalities are not subject to Section 1983 liability based on a theory of respondeat superior. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 121, 112 S.Ct. 1061, 1066, 117 L.Ed.2d 261 (1992); *Monell v. Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). It is not sufficient that plaintiff demonstrates a single unlawful act by a non-policymaking employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233–34 (9th Cir.1989) ("a plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a

non-policymaking employee"); *Collins v. City of San Diego*, 841 F.2d 337, 341–42 (9th Cir.1988) (city is not liable for the actions of a police sergeant, who was a non-policymaking official).

 In this matter, plaintiff has not established that defendant County had an unconstitutional policy or custom permitting the use of excessive force or unreasonable seizure in executing writs of possession. First, lack of a warrant does not constitute excessive force. Pursuant to California Code of Civil Procedure (C.C.P.) Section 1161a[5], a writ of possession may be effectuated without a warrant. *See People v. Jackson*, 117 Cal. App.3d 654, 658, 172 Cal.Rptr. 856 (1981). California law allows peace officers to obtain possession through eviction under a valid writ of possession. C.C.P. § 1161a. Second, the record contains no evidence that defendant County had a policy or custom permitting the use of excessive force or unreasonable seizure in executing writs of possession. Thus, plaintiff has failed to put forward any evidence that defendant County had any policy or custom other than to lawfully enforce writs of possession.

 As a matter of law, neither defendant Bouffard nor any other deputy used excessive force in executing the state court writ of possession. "A plaintiff can ... prevail on a Constitutional excessive force claim only by proving each of these three elements: (1) a significant [physical] injury which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Johnson v. Morel*, 876 F.2d 477, 480 (5th Cir.1989). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.... 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment."

---

4. Plaintiff has pleaded that, during the eviction, a deputy had a gun drawn and plaintiff was "grabbed" by another deputy; but plaintiff does not allege she was physically harmed or injured by the Sheriff's deputies.

5. The California Supreme Court has upheld the constitutionality of the unlawful detainer procedure authorized by C.C.P. Section 1161a. *See St. George v. Meyer*, 9 Cal.2d 161, 161, 69 P.2d 993 (1937).

*Graham v. Connor,* 490 U.S. 386, 396–97, 109 S.Ct. 1865, 1871–73, 104 L.Ed.2d 443 (1989). *See also Soldal v. Cook County,* 506 U.S. 56, 71, 113 S.Ct. 538, 549, 121 L.Ed.2d 450 (1992) (the court noted that it would be a "laborious task" to attempt to show an unreasonable seizure executed pursuant to a court order); *Mendoza v. Block,* 27 F.3d 1357, 1362 (9th Cir.1994) (use of attack dog in effecting arrest after initial warning is not excessive force).

■■■ The evidence clearly shows that neither defendant Bouffard nor any other deputy sheriff used excessive force in executing the state court writ of possession. First, notice was posted on the premises advising plaintiff that a writ of possession had been issued, and that she had no lawful right to be on the premises. (Bouffard Decl., 4:15–22). Plaintiff had an opportunity to remove herself and her possessions from the premises before she was evicted. Second, on September 13, 1994, Sheriff's deputies attempted to execute the writ of possession, and although a female was on the premises, they were not successful and decided to return at a later date. (Bouffard Decl., 4:6–14). Third, they returned on September 16, 1994, when deputy sheriff Rahman knocked on the front door, announced himself, stated that he had a court order and the purpose of the visit. (Bouffard Decl., 4:15–18). Plaintiff failed to open the door, and then deputy Rahman, with a gun drawn, broke open the door and asked plaintiff to voluntarily leave the premises. (Bouffard Decl., 4:22–24). Fourth, at no time was plaintiff placed under arrest or placed in handcuffs. (Bouffard Decl., 5:10–11). Plaintiff was permitted to reenter the premises to retrieve her car keys, purse, shoes, and the kitty's basket, and to attempt to retrieve her cat. (Bouffard Decl., 6:5–10). Lastly, plaintiff has not alleged and has not shown that she suffered any physical injury during the eviction. The only disputed fact is whether a female deputy sheriff "grabbed" plaintiff by her arm to pull her out of the premises, as plaintiff asserts, or plaintiff voluntarily exited the premises, with the assistance of two dep-

uty sheriffs who helped her "over the threshold," as defendants assert. This difference in facts is not a disputed issue of material fact; rather, under either scenario the use of excessive force has not been shown.

■■■ Apart from lack of proof, plaintiff's claim of excessive force against defendant Bouffard also fails because defendant Bouffard is protected by qualified immunity.[6] Qualified immunity shields a defendant from suit for damages if a reasonable officer could have believed his conduct was lawful in light of clearly established law and the information the officer possessed at the time the conduct occurred. *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991); *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). On September 16, 1994, the law was clearly established, as it still is, allowing defendant Bouffard to execute a state court writ of possession by forcibly evicting a person not authorized to be on the premises. As discussed above, defendant Bouffard did not use excessive force; rather, his conduct complied with California law and was reasonable. Thus, there is no need to continue further with the qualified immunity analysis. *See Hallstrom v. Garden City,* 991 F.2d 1473, 1482 (9th Cir.), *cert. denied sub nom. Killeen v. Hallstrom,* —— U.S. ——, 114 S.Ct. 549, 126 L.Ed.2d 450 (1993); *Mendoza,* 27 F.3d at 1360; *Act Up!/Portland v. Bagley,* 988 F.2d 868, 871 (9th Cir.1993).

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order (1) approving and adopting the Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; (3) dismissing Claims # 2 through 6 for lack of subject matter jurisdiction; (4) granting defendants' motion for summary judgment on Claim # 1, use of excessive force; and (5) directing that Judgment be entered in favor of defendants County of Los Angeles and

---

6. Under the Seventh Circuit's rationale in *Scott v. O'Grady, supra,* defendant Bouffard may also be protected by the Eleventh Amendment.

Robert Bouffard, and dismissing the Complaint and action with prejudice.

DATE: September 29, 1995.