[Civ. No. 15767.   First Dist., Div. One.   Nov. 9, 1953.]

PAUL VERDIER, Respondent, v. ALEXANDRINE VERDIER, Appellant.

Julian D. Brewer for Appellant.

Paul C. Dana and Morgan J. Doyle for Respondent.

WOOD (Fred B.), J.—The principal question upon this appeal turns upon the interpretation properly to be made of a certain provision of the interlocutory decree in this partition suit, a decree which ordered the sale of real property and appointed a referee to conduct the sale.*

The decree as typed and presented to the trial judge directed the referee to sell "at public auction, to the highest and best bidder for cash, lawful money of the United States, such sale to be in the same manner as in sales of real property on execution, and upon and after notice not less than that required by law for sales of real property on execution . . ." The judge by pen struck out the words "at public auction" and inserted in lieu thereof the words "at private sale," leaving physically intact the remainder of the clause above quoted.

---

*Defendant has appealed only from the order confirming the sale, not from the interlocutory decree. Time for appeal from the decree long since expired.

Defendant interprets this clause literally, as directing a "private sale" to be conducted in the manner of a sale (at public auction) of real property on execution. Such a direction, defendant says, is an anomaly, legally ineffective and void because the applicable statute requires a "private sale" of real property in a partition suit to be "conducted in the manner required in private sales of real property of estates of deceased persons" (Code Civ. Proc., § 775).

If defendant's interpretation of the decree were correct there would be merit in her conclusion, but hers is not the correct interpretation.

■ When the trial judge substituted the words "private sale" for "public auction" he clearly evinced an intent to order a private sale, as was within his discretion to do under section 775 of the code.† We assume that he intended a legally effective sale (a private sale in the manner required therefor by section 775) and that his failure to strike out the words directing a sale in the manner of sales on execution was inadvertent. It was not necessary for him to prescribe the manner of sale, when ordering a private sale, for the statute prescribes the manner. Nor could he effectively prescribe a different manner. Accordingly, in effectuation of the trial judge's clearly manifested intent, we should ignore those words ("in the manner of sales on execution," etc.) just as if they had been physically deleted from the decree. ■ Changes made in an official writing, when the record shows the changes, are appropriate aids to its interpretation. (*Blumenthal* v. *Liebman*, 109 Cal.App.2d 374, 376-377 [240 P.2d 699], modification of findings of fact and judgment; *In re Haines*, 195 Cal. 605, 614-616 [234 P. 883], changes made in a legislative bill during the course of its passage.)

■ We are further aided in this view by the canon of interpretation that when a provision of a writing (in this case, the provision for sale in the manner of sales on execution) is wholly repugnant to and cannot be reconciled with the intent of the writer as that intent (to require a private

---

†Defendant also contends that the trial judge was without authority to make this change because the proposed form of decree was submitted to him by stipulation. Such a contention is not available in the absence of a record of what transpired when the parties presented their stipulation to the judge, especially upon a collateral attack such as is here made. There is every presumption in favor of the regularity of the action of the judge in amending the form of the document and in signing and filing it. If a further stipulation was necessary to sanction the amendment, it must be presumed that an appropriate stipulation was given by the parties.

sale) clearly appears from other portions of the document, the repugnant provision will be ignored. (See *Reuter* v. *Board of Supervisors*, 220 Cal. 314, 318 [30 P.2d 417], ignoring as void a repugnant proviso of paragraph 4 of section 7½ of article XI of the state Constitution; *La Arcada Co.* v. *Bank of America*, 120 Cal.App. 397, 402 [7 P.2d 1115], rejecting as repugnant the words "mortgage" and "mortgaged" appearing in a deed of trust.

■ We observe, also, that the referee conducted this sale in the manner required in private sales of real property of estates of deceased persons, and that the trial judge confirmed the sale. That is an interpretation by the officer charged with carrying out the mandate of the interlocutory decree, and by the very judge who rendered that decree, identical with and persuasive of the construction which we place upon the clause in question. ■ "Contemporaneous exposition is in general the best" (Civ Code, § 3535), a maxim of general application in the interpretation of writings. (See *Carter* v. *Commission on Qualifications of Judicial Appointments*, 14 Cal.2d 179, 185 [93 P.2d 140], interpreting a provision of the state Constitution; *Union Sugar Co.* v. *Hollister Estate Co.*, 3 Cal.2d 740, 753-754 [47 P.2d 273], construing a contract.)

It appears from the cases that have come to our attention, that questions of interpretation pertinent to our inquiry have arisen more frequently concerning provisions of the Constitution, the statutes, and contracts than in relation to judicial orders or decrees. But they are all "writings," to be construed in accordance with substantially the same canons of interpretation. ■ Thus, in *Ex parte Ambrose*, 72 Cal. 398 [14 P. 33], our Supreme Court said, "the same rules of interpretation apply in ascertaining the meaning of a court order or judgment as in ascertaining the meaning of any other writing, . . ." (P. 401.) When considering the proper construction to be placed upon certain provisions of a judicial decision, our Supreme Court made this significant comment: "Neither of those constructions would do more violence to the text than is often done in making a clause of a statute or of a contract conform to the evident intention of the legislature or of the parties, as gathered from the context and a comprehensive view of the circumstances." (*San Francisco* v. *Center*, 133 Cal. 673, 680 [66 P. 83].)

We conclude, therefore, that the interlocutory decree, properly interpreted, ordered that the property be sold "at private sale." It was not necessary in the decree to describe the manner of such a sale. Section 775 supplied that description, by positive mandate. The interlocutory decree imported no jurisdictional defect into the proceeding for sale of the property. At most, it contained an ambiguity which could have been resolved of record prior to the sale if defendant had brought the ambiguity to the attention of the trial judge by an appropriate motion or to the attention of a reviewing court by direct appeal from the interlocutory decree, neither of which was done.

The order confirming the sale is affirmed.

Peters, P. J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 6, 1954.