123 So.2d 41 (1960)
Sarah SIMON, Appellant,
v.
Victor SIMON, Appellee.
No. 60-202.
District Court of Appeal of Florida. Third District.
July 29, 1960.
Rehearing Denied October 5, 1960.
*42 Dan G. Wheeler, Jr., Miami, for appellant.
Samuel Rubin, Miami Beach, for appellee.
HORTON, Chief Judge.
Appellant, plaintiff below, seeks review by interlocutory appeal of two post decretal orders. In the final decree of divorce, the chancellor, inter alia, ordered:
"That the Plaintiff, Sarah Simon, is entitled to receive, and the Defendant, Victor Simon, shall continue to pay to the said Sarah Simon as alimony the sum of $200.00 per week, * * * and, in addition thereto shall pay all medical expenses which may now or hereafter be required by the Plaintiff, Sarah Simon, in the care and treatment of her many physical infirmities, and furnish to her a rent free apartment in the Beaux Arts Apartments, 7116 Bay Drive, Normandy Isles, Miami Beach, Florida, the aforesaid payments to be made from the jointly owned funds of the parties hereto as alimony and continue until further order of the Court.
"That the Defendant, Victor Simon, shall pay to the Plaintiff's attorney, * * *, the sum of $2,500.00 as a reasonable attorney's fee for his services rendered in behalf of the plaintiff in this cause * * *." [Emphasis supplied.]
Subsequent to the entry of this decree, the plaintiff petitioned for payment of alimony which had accumulated during an *43 appeal, together with medical expenses incurred and for reimbursement of court costs. In addition, her attorney moved for payment of the balance of attorney's fees due. Pursuant thereto, the chancellor entered the two orders appealed.
By the terms of the order for payment of plaintiff's alimony, medical expenses and court costs, the chancellor directed the receiver, in whose hands the joint property of the parties was held, to pay to the plaintiff as follows:
"$16,356.38 from the joint funds of the parties held by the aforementioned Receiver, which represents accumulated Alimony, together with unpaid medical bills and charge same against the parties jointly, and
"$202.26, representing Court costs expended by the Plaintiff herein, Sarah Simon, charged against the individual portion of the funds held by G.E. Shingledecker, as Receiver, against the Defendant, Victor Simon, personally." [Emphasis supplied.]
The order on attorney's fees decreed that the fee awarded by the final decree of divorce was a joint obligation of the parties and should be charged against the joint funds of the parties in equal proportion.
The appellant has argued two basic points upon appeal, i.e., first, whether the chancellor erred in requiring that she pay one-half of the alimony and medical expenses; and second, whether the chancellor erred in requiring that she pay one-half of the attorney's fee. In addition, the appellant has assigned as error the failure of the chancellor to award interest on the accrued alimony payment. This assignment was not argued in the appellant's brief; therefore, pursuant to Rule 3.7, subd. i, Florida Appellate Rules, 31 F.S.A., it is deemed abandoned. See Ramsey v. Aronson, Fla.App. 1958, 99 So.2d 643.
From that quoted portion of the decree of divorce, it is apparent that the husband was ordered to pay as alimony a specified sum per week and in addition thereto, all medical expenses.
There are many definitions of "alimony" to be found in the decisions of the courts, and while they differ more or less as to detail, they all agree that primarily alimony is an allowance to the wife from the husband for her support in a divorce action in lieu of the legal obligation of the husband to support her. 2 Nelson, Divorce and Annulment, § 14.02. See Floyd v. Floyd, 91 Fla. 910, 108 So. 896; Friedman v. Schneider, Fla. 1951, 52 So.2d 420; Platt v. Platt, Fla.App. 1958, 103 So.2d 253.
These definitions do not indicate that the wife is obligated to contribute to the amount decreed as alimony, nor do we construe the divorce decree to require such contribution by the wife. We feel that decrees should be given that interpretation which will render them reasonable, effective and conclusive and will make them harmonize with the facts and law of the case. Cf. City of Winter Haven v. A.M. Klemn & Son, 132 Fla. 334, 181 So. 153. It was error to charge the wife's interest in jointly held funds for the payment of the husband's alimony obligation.
Concerning the second point raised by the appellant, we find no basis in the final decree of divorce upon which the chancellor could have determined that the sum ordered paid by the husband to the wife's attorney for services rendered in her behalf was a joint obligation, or that the wife's estate, though jointly held, should be charged with any portion thereof.
We recognize, as suggested by counsel in oral argument, that the chancellor who entered the final decree may have intended a different result because of the existence of facts peculiar to this case. At the time of the entry of the final decree, it appears there was a going business, since liquidated, from which the husband could pay alimony, but by reason of the *44 liquidation a joint fund of the parties has now been substituted. If substantial change has occurred since the entry of the final decree then the decision of this court should not be construed to prohibit appropriate application for modification to the chancellor who entered the decree. See 65.15 Fla. Stat., F.S.A. A modification, if any, of the final decree would of course have only prospective application and in no wise could or should affect the decision reached here.
Accordingly, the orders appealed are reversed and the cause is remanded for the entry of appropriate orders not inconsistent herewith.
Reversed and remanded with directions.
PEARSON and CARROLL, CHAS., JJ., concur.