**Earl PENNINGTON, Appellant,**

v.

**EMPLOYER'S LIABILITY ASSURANCE CORPORATION, Appellee.**

**No. 1963.**

Supreme Court of Alaska.

March 26, 1974.

James K. Tallman, Anchorage, for appellant.

Sanford M. Gibbs, Hagans, Smith & Brown, Anchorage, for appellee.

Before RABINOWITZ, Chief Justice, and CONNOR, BOOCHEVER and FITZGERALD, Justices.

## OPINION

**PER CURIAM.**

This appeal arises from the dismissal of a garnishment proceeding against Employer's Liability Assurance Corporation.

In the superior court, Earl Pennington and his wife recovered a $30,000 judgment from Snow, Rimmer and the National Indemnity Corporation, a garnishee, for personal injuries and for, the wrongful death of their unborn child. Subsequently, the parties agreed to settle for $10,000 and to have the trial court dismiss the case with prejudice, subject to a reservation of rights.

The trial court entered a formal judgment of dismissal which ordered that the case be dismissed with prejudice, yet reserving to Earl Pennington

> judgment creditor's rights to enforce the judgment now in effect in the above-captioned case, the balance of which judgment is $20,000, against Employer's Liability Assurance Corporation under any policy in effect on June 27, 1965, between the last named carrier and Lawrence O. Snow, d/b/a Anchorage Office.

Appellee Employer's received no notice of Pennington's suit against Snow prior to an order issued, following the dismissal, directing it to appear as garnishee respecting any indebtedness owed under a liability policy it had issued to Snow. Employer's moved to dismiss the garnishment proceedings on the ground that after the dismissal with prejudice of Pennington's suit against Snow and Rimmer, there was no longer an existing judgment upon which a garnishment proceeding could be based. The superior court found that the garnishment proceedings against Employer's could not be maintained. The reservation of rights

provision included in the judgment of dismissal was found not to preserve the balance of the $30,000 judgment and the garnishment proceedings against Employer's were dismissed. On appeal Pennington asserts that the reservation of rights clause preserved the balance of the $30,000 judgment despite the dismissal with prejudice of Pennington's suit against Snow and Rimmer.

■ It is an established rule of law that once a valid judgment is extinguished as a result of reversal, vacation, or dismissal, garnishment proceedings pertaining to that judgment are precluded.[1] However, we think that a reasonable construction of the disputed reservation of rights clause found in the judgment of dismissal in the case at bar leads to the conclusion that Pennington can maintain garnishment proceedings against Employer's.[2]

■ In our view, the judgment of dismissal is ambiguous and therefore subject to construction according to the rules that apply to all written instruments.[3] The first part appears to dismiss the case entirely, while the second part affirms Pennington's right to receive full satisfaction of the judgment. In ascertaining the intention of the court, all parts of the instrument must be examined, and the judgment of dismissal read in its entirety and construed as a whole.[4] Judgments are to be given that interpretation which will render them reasonable, effective, conclusive and in harmony with the facts and law of the case.[5]

■ The trial court in its decision to dismiss the garnishment gave effect to only one section of the judgment of dismissal. The reservation of rights provision can be given effect and the remainder

---

1. Zurich Ins. Co. v. Bonebrake, 137 Colo. 37, 320 P.2d 975 (1958); Western United Dairy Co. v. Miller, 40 Ill.App.2d 403, 189 N.E.2d 786 (1963); Jardine v. Donnelly, 413 Pa. 474, 198 A.2d 513 (1964).

2. We express no opinion as to the other defenses against the garnishment proceedings that may be raised by Employer's.

3. Verdier v. Verdier, 121 Cal.App.2d 190, 263 P.2d 57, 59 (1964).

4. Pope v. Pope, 7 Ill.App.3d 935, 289 N.E.2d 9, 11 (1972).

5. Simon v. Simon, 123 So.2d 41, 43 (Fla.App. 1960).

of the judgment recovered, if the continued exercise of an underlying judgment is implied. Guided by the criteria we have alluded to, we hold that the inclusion of a reservation of rights clause implied that the court and Pennington intended to provide that the portion of the judgment in excess of $10,000 remain in effect to the extent that it could be satisfied by Employer's under Snow's insurance policy.[6] Thus, we conclude that garnishment proceedings may be brought, even though Employer's was not party to the original Pennington-Snow and Rimmer litigation.[7]

The case is reversed and remanded in order that garnishment proceedings may be reinstated against Employer's.

ERWIN, J., not participating.

6. *See* Dairyland, Inc. v. Jenison, 207 N.W.2d 753, 754 (Iowa 1973). The court stated therein that effect must be given to that which is clearly implied as well as to that which is expressed.

7. AS 09.40.040 provides:

All persons having in their possession personal property belonging to the defendant or owing a debt to the defendant at the time of service upon them of the writ and notice shall deliver, transfer, or pay the property or debts to the peace officer, or be liable to the plaintiff for the amount of the property or debts until the attachment is discharged or a judgment recovered by plaintiff is satisfied. . . .

Civ.R. 89(f)(7) provides for execution against a garnishee as upon a judgment between plaintiff and defendant. *See* Werley v. United Services Auto. Ass'n, 498 P.2d 112 (Alaska 1972); Liberty Nat'l Ins. Co. v. Eberhart, 398 P.2d 997 (Alaska 1965). The right to bring garnishment proceedings is not questioned by Employer's in its brief, and thus it does not seem necessary for us to express a holding on the point.