ALBERT V. SMITH, Plaintiff-Appellee, *v.* CLAIRE CAS-SIDY SMITH, Defendant-Appellant

NO. 5444

MAY 16, 1975

RICHARDSON, C.J., KOBAYASHI, OGATA
and MENOR, JJ., and KATO, Circuit
Judge, Assigned by Reason of Vacancy

OPINION OF THE COURT BY OGATA, J.

This case is an appeal from a decree distributing property entered by the Circuit Court of the Second Circuit sitting as Family Court.

The parties were divorced by a final judgment of the Orange County, California Superior Court (hereinafter California court). The California court which issued the divorce judgment had personal jurisdiction over the parties, both of whom were bona fide California domiciliaries at the time. The divorce judgment provided for custody of the minor children of the marriage and for a property division. For lack

of jurisdiction, the California court refrained from deciding the claims in and to the two parcels of leasehold property known as 25 and 29 Kamaka Circle, in Lahaina, County of Maui, Hawaii, owned by the parties as tenants by the entireties during the marriage. These properties will hereinafter be referred to as the Lahaina or Kamaka Circle properties.

After the final California divorce judgment was filed on April 21, 1970, an action was brought in the Circuit Court of the Second Circuit on June 14, 1971, by appellee Mr. Smith for the partition of the Lahaina properties under HRS chapter 668. After the action commenced, the appellant Mrs. Smith moved to dismiss the complaint on the ground that the circuit court did not have jurisdiction to distribute these properties. This cause was then transferred to the Family Court for disposition pursuant to HRS § 580-47 (1974 Supp.).

The court below (Family Court which will also sometimes hereinafter be referred to as trial court) ordered in the decree distributing property that the Kamaka Circle properties located in Lahaina, County of Maui, be held by the parties as tenants in common, each being declared to be the owner of one-half (1/2) undivided interest in these properties. The court ordered that neither party shall assign, sell or transfer his or her interest except as provided in the decree or by order of the court. The trial court further decreed that: Each of these residential lots shall be rented and the rents derived therefrom shall be collected by the appellant, as trustee; the appellant, as such trustee, shall also manage the properties; from the rentals collected by appellant, she shall pay all necessary expenses and costs involved in the management of the properties, including lease rents, taxes, real estate mortgage loans, collateral loan No. 27-2372 at the First Hawaiian Bank, insurance and other necessary maintenance costs.

The court further decreed the balance, if any, of the rental income shall be credited in equal shares to appellant and appellee. The decree permitted appellant to withdraw from the amount credited to appellee the sum of $100.00 per month for child support as required under the divorce judgment. Because appellee is presently $925.00 in arrears for the support of the minor children, the court ordered that this amount

shall be deducted by appellant from appellee's share of the rental income. However, before deducting this amount, appellant shall pay from appellee's share the sum of $50.00 per month for four consecutive months beginning November 1, 1972, to John T. Vail for costs incurred by him in these proceedings. The decree also authorized appellant, as trustee, to retain a reserve savings account not to exceed $2,000, consisting of equal shares of appellant's and appellee's funds. It specified that any amount in excess of $2,000 in the reserve account as of December 31st shall be distributed equally to the parties not later than the following February 28th. The decree further required appellant, as trustee, to render to appellee on or before February 28th of each year an accounting showing all receipts and disbursements for the previous year.

Finally in the last paragraph of the decree the trial court allowed the parties to sell the leases by mutual agreement. Upon the sale of the leases, it ordered that the net proceeds shall be applied first to the payment of $7,039 to appellant to reimburse her for money previously advanced by her; the remainder to be distributed equally to the parties, with the proviso that if appellee is still under an obligation to pay for the support of any children, then an estimated amount of his future support obligations shall be retained by appellant out of appellee's share.

In the course of the trial in the court below, each of the parties presented relevant evidence concerning the source of the money used to pay for the qualifying premiums demanded by the lessor and to build the houses. Evidence of the efforts contributed by the respective parties in negotiating for the properties and for mortgage loans, as well as the efforts of the respective parties in arranging for and supervising the construction of the two houses, was also presented.

Appellant alleges in this appeal that the trial court erred by (1) failing to indicate how the factors, which HRS § 580-47 (1974 Supp.) mandates the court to consider, were weighed; (2) failing to comply with Rule 52(a) of the Hawaii Family Court Rules; and (3) failing to grant full faith and credit to the

California judgment, as mandated by Article IV, Section 1 of the United States Constitution, as implemented by 28 U.S.C.A. § 1738.[1]

I.

Appellant's contention that the trial court failed to consider the factors enumerated in HRS § 580-47 (1974 Supp.) and mandated by *Carson v. Carson*, 50 Haw. 182, 436 P.2d 7 (1967), is without merit. The trial court did not merely decree that the Lahaina properties be held by the parties as tenants in common and that the rents be divided equally between them. Rather, the court below imposed a complex set of payment priorities and mandated the establishment of a reserve fund to insure the payment of the taxes and carrying charges which are or will become due on the leasehold properties. The trial judge required that the rental income must be applied to these expenses before either party may retain any portion of the rentals. He further permitted the appellant to

---

[1] Article IV, Section 1 of the Constitution of the United States reads as follows:

ARTICLE IV

Section 1. Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings, of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

28 United States Code § 1738 reads as follows:

§ 1738. State and Territorial statutes and judicial proceedings: full faith and credit.

The Acts of the legislature of any State, Territory or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

deduct and retain out of appellee's share of the rental income $100.00 per month, per child to be expended for each of the minor children in her custody and to also deduct a similar amount per month from her share of the rental income for herself. The trial court also required the consent of both parties to any future sale of the leasehold properties. These complex and detailed arrangements evince a careful examination of the financial situation of the parties, rather than a mechanical application of a rule of property law.

The trial court did not fail to comply with Rule 52(a) of the Hawaii Family Court Rules, as contended by appellant. First, we observe that the language of Rule 52(a) is directory rather than mandatory. The rule uses the word may, not shall or must. Furthermore, it states three alternative approaches the family court judge may take. The rule states that the court, "*may* find the facts and state its conclusions of law thereon *or may* announce *or* write and file its decision and direct the entry of the appropriate decree or order." (Emphasis supplied.) In the instant case the trial judge orally announced his decision and issued a written decree which memorialized the orally announced decision. As stated before, the oral decision and written decree of the trial court were sufficiently detailed to evince a consideration of the factors enumerated in HRS § 580-47 (1974 Supp.) and, as such, should also be deemed sufficient for compliance with Hawaii Family Court Rule 52(a).

II.

The appellant further contends that in the case at bar the trial court by its decree violated the full faith and credit clause of the United States Constitution and thus the constitutional rights of appellant. The final California divorce judgment (hereinafter sometimes referred to as foreign divorce judgment or simply as California judgment) which incorporated by reference all of the provisions of the interlocutory judgment contained, *inter alia*, the following order:

The court also orders that the petitioner [appellant] shall collect and retain all rentals from the real property in

the State of Hawaii and shall make all payments on any loans in connection with said real property located in the State of Hawaii, as well as any bank loans made by the petitioner personally from any banks in the State of Hawaii.

Under the provisions of this order in the foreign divorce judgment, the appellant vigorously asserts and argues on appeal that she is entitled to collect and retain all rentals from the Lahaina properties. Appellant's claim is not limited to rentals due when the trial court rendered its decree, but all future rentals from these properties, even though such contention was not pressed or even made in the court below. Appellant's position, therefore, is that the effect of the decree of the trial court is to nullify the portion of the judgment of the California court concerning the collection of rents. However, an examination of the foreign divorce judgment reveals that the California court did not assume jurisdiction with respect to the Lahaina properties. The California judgment in a subsequent paragraph specifically stated:

The court also orders that the remaining real property of the parties, to wit, the property commonly known as 25 Kamaka Circle and the property known as 29 Kamaka Circle, both located on the Island of Maui, State of Hawaii, is not subject to the jurisdiction of this court, and pursuant to the stipulation of the parties that the claims of the parties in and to said properties shall be decided in a court of proper jurisdiction in the State of Hawaii.

The interpretation or construction of a judgment presents a question of law for the courts. *Brindle v. Anglin*, 295 N.E.2d 860 (Ind. App. 1973); *Callan v. Callan*, 2 Wash. App. 446, 468 P.2d 456 (1970). A judgment or decree like any other written instrument is to be construed reasonably and as a whole so as to give effect to the intention of the court. *Pennington v. Employer's Liability Assur. Corp.*, 520 P.2d 96 (Alaska 1974); *Rodgers v. Williamson*, 489 S.W.2d 558 (Tex. 1973); *Pope v. Pope*, 7 Ill. App. 3d 935, 289 N.E.2d 9 (1972). Freeman on Judgments, 5th ed., vol. 1, § 76, pp. 132-133.

In the paragraph of the California judgment which refers to the two Kamaka Circle properties in Lahaina, Maui

(hereininafter referred to as primary order), the California court specifically declined to assume any jurisdiction over such real property, and it ordered that the claims of the parties in and to the real property be decided by a court of competent jurisdiction in the State of Hawaii, according to the *lex loci rei sitae*. When the language of this order in the California judgment is read in conjunction with the other quoted paragraph in the same judgment which ordered the appellant to collect and retain all rentals from real property in the State of Hawaii (hereinafter referred to as secondary order), it becomes clear that this secondary order was to be effective only pending the resolution of the claims in the Lahaina properties by the Hawaii courts. The phrase ". . . the claims of the parties in and to said properties . . ." as used in the primary order in the California judgment pertaining to the real estate leases of the parties in Lahaina may be reasonably construed to refer to claims to the rental income derived from these Kamaka Circle properties as well as to claims to title to the Lahaina leaseholds.

Moreover, a close scrutiny of the secondary order reveals that the California court was therein referring to rentals accrued and actually due from real property in the State of Hawaii. It did not intend to dispose and award to appellant any rentals to accrue in the future from such property. Any other construction of the secondary order in the California judgment, particularly as contended by appellant, may present a serious question as to its enforceability within this jurisdiction.

If we were to interpret the secondary order to award all future rental income to appellant, the California judgment would then directly vest in appellant a substantial interest in real property situated in Hawaii. The appellee was in no way according to the explicit terms of this secondary order or any other parts of the California judgment personally ordered to release, assign, transfer or otherwise convey his right or interest in and to the future rentals in the Lahaina properties, as he was ordered and required to convey in the California judgment in regard to the real property located in Olinda which was held by the parties jointly during the marriage.

Instead the California court simply ordered in its judgment "that the petitioner [appellant] shall collect and retain all rentals from the real property in the State of Hawaii."

Even counsel for appellant concedes that the California court did not have the power to directly affect the title to property located outside of its jurisdiction. The general rule on this subject is stated in the annotation entitled "Power of Divorce Court to Deal with Real Property Located in Another State" in 34 A.L.R.3d 962 at 968 as follows:

> It has been generally held that a divorce court in one state does not have the power directly to affect, by means of its decree, the title to real property situated in another state.

This court has said in *Murakami v. Aono*, 27 Haw. 631 (1923) at 633: "Rent is compensation for the use of land. When one who demises or lets land to another ceases to own the land, as by voluntarily conveying the reversion to another or suffering it to be taken from him by legal proceedings upon foreclosure of mortgage, he ceases to be entitled to that compensation." *See also Re Trust Estate of Wharton*, 28 Haw. 502 at 505 (1925).

We follow the common law in this jurisdiction.[2] We are in accord with the common law rule that the right to rent to accrue on a lease for the use or occupancy of real property is an incorporeal hereditament and is an incident to an estate in land, the transfer of which is a transfer of an interest in realty. Of course, if rent is already due and unpaid it is personal property. *People v. Phillips*, 394 Ill. 119; 67 N.E.2d 281 (1946); *Schmid v. Baum's Home of Flowers*, 162 Tenn. 439, 37 S.W.2d 105 (1931); *Watson v. Penn*, 108 Ind. 21; 8 N.E. 636 (1886); *Valley National Bank of Ariz. v. Avco Develop. Co.*, 14 Ariz. App. 56, 480 P.2d 671 (1971); 52 C.J.S., *Landlord and Tenant*, § 462(b), p. 345-346.

---

[2] HRS § 1-1, provides as follows: "The common law of England, as ascertained by English and American decisions, is declared to be the common law of the State of Hawaii in all cases, except as otherwise expressly provided by the Constitution or laws of the United States, or by the laws of the State, or fixed by Hawaiian judicial precedent, or established by Hawaiian usage; . . . ."

The right to future rents issuing out of land is a substantial ingredient in any ownership of such property. If the California judgment were read to directly award the appellant the unaccrued future rents from the Lahaina properties, which we regard as an interest in realty, *Restatement of the Law, Conflict of Laws,* § 208, in addition to rentals already due and payable, which we treat as personalty, then we are not required to recognize such part of the order as to future rentals under the full faith and credit clause. *See* 34 A.L.R.3d 962, Annotation: Power of Divorce Court to Deal with Real Property Located in Another State; *McRary v. McRary,* 228 N.C. 714, 47 S.E.2d 27 (1948); *Porter v. Porter,* 101 Ariz. 131, 416 P.2d 564, *cert. denied,* 386 U.S. 957, *rehearing denied,* 386 U.S. 1027 (1966).

We agree with the appellee that the primary order in the foreign divorce judgment under which order the California court left in limbo the claims of the parties in and to the leasehold estates pending determination by the Hawaii courts is rendered meaningless if we should construe the California judgment as urged by appellant. In this regard the Arizona appellate court very aptly observed: "In some cases rents may represent the entire value of the reversion, and a conveyance or assignment of the future rents would be equivalent to a conveyance of the land itself." *Valley National Bank of Ariz. v. Avco Develop. Co., supra,* 480 P.2d 674-675.

Under these circumstances, it would be utterly inconceivable that the California court would distribute directly under its judgment all rental income from the Lahaina properties to appellant and still order in the same judgment that claims of the parties to the same properties be determined in the Hawaii courts, which would in reality be relegated to a minor and insignificant role in the disposition of these properties situated within its own jurisdiction.

Appellant's contention that the California court awarded her the rents from the Lahaina properties in lieu of alimony is without merit, since the California judgment is devoid of language to this effect.

We hold that the full faith and credit clause of the United States Constitution does not present a problem in this case because the final judgment of the California court and the decree of the court below are not genuinely inconsistent and can be harmonized.[3] Courts generally will not decide a constitutional issue unless necessary to the determination of the merits of the cause under consideration. *State v. W. Tin Yan*, 44 Haw.370, 383, 355 P.2d 25, 32 (1960); *Territory v. Gaudia*, 41 Haw. 213 (1955).

In view of the foregoing, the trial court neither erred nor abused its discretion in resolving the claims of the parties in and to the disputed leasehold properties known as 25 and 29 Kamaka Circle, Lahaina, Maui.

Affirmed.

*William F. Crockett, (Crockett & Crockett* of counsel) for defendant-appellant.

*John T. Vail (Ueoka, Vail & Luna* of counsel) for plaintiff-appellee.

---

[3] Despite the failure of appellant to properly raise the issue of full faith and credit on the record in the trial court, this court could decide that issue, if it were necessary for the resolution of this case, because it would be of great constitutional and public importance and would require no further facts for determination. *Fujioka v. Kam*, 55 Haw. 7, 9, 514 P.2d 568, 570 (1973).