*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| DANIEL BROWN, ) | |
| ) | Supreme Court No. S-15160 |
| Appellant, ) | |
| ) | Superior Court No. 3KN-11-01052 CI |
| v. ) | |
| ) | O P I N I O N |
| PERSONNEL BOARD FOR THE ) | |
| CITY OF KENAI, ) | No. 6916 – June 20, 2014 |
| ) | |
| Appellee. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Kenai, Carl Bauman, Judge.

Appearances: Kevin T. Fitzgerald, Ingaldson Fitzgerald, P.C., Anchorage, for Appellant. Joseph N. Levesque and Shane E. Levesque, Levesque Law Group, LLC, Anchorage, for Appellee.

Before: Fabe, Chief Justice, Stowers, and Bolger, Justices. [Winfree, and Maassen, Justices, not participating.]

BOLGER, Justice.

## I.     INTRODUCTION

Daniel Brown was a City of Kenai employee who was accused of sexual harassment of female employees at the Kenai Recreation Center. But after a termination hearing, the Personnel Board of the City of Kenai (the Board) stated that the basis for Brown's termination was not sexual harassment but rather misconduct. Brown now

argues that the Board violated his right to due process by terminating him for misconduct without finding that he had committed the underlying acts of sexual harassment. He also argues that his termination violated the covenant of good faith and fair dealing. We conclude that the Board had an adequate basis for its decision and that Brown's termination did not violate the implied covenant of good faith or his right to due process.

## II.    FACTS AND PROCEEDINGS

Daniel Brown was employed as a building maintenance technician with the City of Kenai Public Works Department from October 2009 until April 2011. Among other duties, Brown was responsible for providing maintenance services to the Kenai Recreation Center. During the time of Brown's employment with the city, the Boys & Girls Club managed the recreation center. Brown often came in contact with the Boys & Girls Club employees who worked at the recreation center because a significant portion of his job responsibilities entailed maintenance at that facility.

Some of the Boys & Girls Club employees Brown regularly dealt with were young women. In early 2011, the Kenai City Attorney conducted an investigation of Brown's alleged sexual harassment of three such Boys & Girls Club employees. The city attorney concluded that Brown had engaged in conduct that "violated the City's policy against sexual harassment,"[1] although she noted that the policy did not expressly

---

[1]    The policy is included in the City of Kenai Employee Handbook, which states, in part:

> One form of harassment is sexual harassment. It is the policy of the City of Kenai to provide an environment free from unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct or communication constituting sexual harassment. The purpose of this policy statement is to establish clearly and unequivocally that the City prohibits sexual harassment by and of its employees and

(continued...)

state whether it applied to behavior toward complainants, such as the Boys & Girls Club workers, who were not employed by the city.

The city manager sent Brown a letter stating that Brown had violated the city's sexual harassment policy, that his actions constituted misconduct under the municipal code provision listing grounds for disciplining a city employee,[2] and that because of his actions Brown could not perform the duties of his employment (which was also a ground for dismissal).[3] A pre-termination hearing was held in April 2011.

The city manager considered the evidence presented at the hearing and in the city attorney's investigative report and concluded in his final decision that: (1) Brown's actions constituted sexual harassment under city policy as well as misconduct

---

[1](...continued)

> to set forth procedures by which allegations of sexual harassment may be filed, investigated and adjudicated.
>
> Sexual harassment is misconduct . . . .
>
>  . . . .
>
> It shall be a violation of City policy to harass another employee sexually or to permit the sexual harassment of an employee.

[2]    *See* Kenai Municipal Code (KMC) 23.35.020(b) (2013).  Subsection (9) lists "[m]isconduct" as one ground for discipline and subsection (13) lists "[i]nability to perform the assigned job" as another.

[3]    The city manager stated his intent

> to terminate [Brown's] employment with the City for misconduct and for inability to perform the assigned job which is appropriate under the City's Code and employment policies.  KMC 23.35.020(b)(9), (13).  Because [Brown has] violated the City's policies against harassment, [he has] engaged in misconduct.  Because [he] cannot work at the Recreation Center, [he] cannot perform required job duties.

in violation of Kenai Municipal Code (KMC) 23.35.020(b)(9);[4] (2) because of his conduct, the city could not allow him to continue working at the recreation center, so he was unable to perform his job duties — in violation of KMC 23.35.020(b)(13); and (3) progressive discipline was not appropriate given the severity and ongoing nature of Brown's conduct.

Brown appealed his termination to the Personnel Board for the City of Kenai, which held hearings in June and July 2011. The Board found the city manager's conclusions — that Brown had engaged in misconduct and that he would be unable to perform his job duties — were reasonable and it upheld Brown's termination on those two grounds. The Board also stated that "[a]lthough there were allegations of sexual harassment by Mr. Brown . . . Mr. Brown was not terminated for sexual harassment but rather because his actions rose to the level of misconduct and he was unable to work in a city building which comprised approximately 15% of his total workload."

Brown appealed the Board's decision to the superior court, which affirmed the Board's decision. Brown now appeals to this court.

## III.    STANDARD OF REVIEW

"In administrative appeals, we directly review the agency action in question."[5] "We review questions of fact under the 'substantial evidence' test."[6]

---

[4]        The city manager acknowledged the city attorney's concerns regarding application of the sexual harassment policy to Brown, given the fact that the complainants were not employed by the City. He concluded the policy applied because it "appears to prohibit not only sexual harassment of [City] employees, it prohibits sexual harassment by [City] employees." The city manager further concluded that the policy was applicable because "during the hearing Mr. Brown noted the issue of the complainants not being City employees, but did not object to the application of the City's sexual harassment policy in this incident."

[5]        *Grimmett v. Univ. of Alaska*, 303 P.3d 482, 487 (Alaska 2013) (quoting
(continued...)

"Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "[7] "We need only determine whether such evidence exists, and do not choose between competing inferences."[8] "Questions of due process present constitutional issues that we review de novo."[9]

We interpret ambiguous court orders "to 'render them reasonable, effective, conclusive and in harmony with the facts and law of the case.' "[10] We will apply that standard to the Personnel Board's decision in this case.

"Construction of employment contracts, including questions concerning the implied covenant of good faith and fair dealing when the material facts are not disputed, are reviewed de novo."[11]

---

[5](...continued)
*Fairbanks Fire Fighters Ass'n, Local 1324 v. City of Fairbanks*, 48 P.3d 1165, 1167 (Alaska 2002)).

[6]     *Id.* (citing *Handley v. State, Dep't of Revenue*, 838 P.2d 1231, 1233 (Alaska 1992)).

[7]     *Id.* (quoting *Handley*, 838 P.2d at 1233).

[8]     *Id.* (quoting *Handley*, 838 P.2d at 1233).

[9]     *Id.* (citing *James v. State, Dep't of Corr.*, 260 P.3d 1046, 1050 (Alaska 2011)).

[10]     *See Dimeff v. Estate of Cowan*, 300 P.3d 1, 13 (Alaska 2013) (quoting *Pennington v. Emp'r's Liab. Assurance Corp.*, 520 P.2d 96, 97 (Alaska 1974)).

[11]     *Grimmett*, 303 P.3d at 487 (citing *Luedtke v. Nabors Alaska Drilling, Inc.*, 834 P.2d 1220, 1223 (Alaska 1992)).

## IV. DISCUSSION

### A. Brown's Due Process Rights Were Not Violated.

Brown asserts that he was a public employee who could only be terminated for cause and, therefore, he had a property interest in his continued employment.[12] He argues that he was deprived of that interest without cause in violation of his right to due process.

The main issue in this appeal stems from the Board's statement that "Brown was not terminated for sexual harassment but rather because his actions rose to the level of misconduct." Brown argues that there was no basis for his termination because this language indicated the Board rejected the city manager's conclusion that Brown had engaged in sexual harassment. He also argues that the Board thus "failed to specify the 'misconduct' relied upon to affirm Brown's termination." The Board responds that its decision merely stated the official basis for Brown's dismissal and that the Board did not conclude that Brown was innocent of any sexual harassment.

#### 1. The Personnel Board stated an adequate basis for Brown's termination.

The Personnel Board was acting as an appellate tribunal under KMC 23.35.034 and was required to "make written findings of fact and conclusions as to the justness of the disciplinary action" proposed by the city manager.[13] In its decision, the Board stated that the city manager's "determination that Mr. Brown's conduct rose

---

[12] *See id.* at 488 ("[A] public employee who can be terminated only for cause has a legitimate expectation of continued employment that, under both federal and Alaska constitutional law, gives rise to a property interest in [his or] her job.").

[13] KMC 23.35.034(g) (2013).

to the level of misconduct . . . *was* reasonable based on the evidence in the record."[14] The Board also concluded that the city manager's "determination that Mr. Brown would be unable to perform his assigned job duties . . . *was* reasonable based on the evidence in the record."[15] The Board similarly used the past tense two sentences later when it clarified that "Mr. Brown *was* not terminated for sexual harassment but rather because his actions rose to the level of misconduct."[16] Thus, the language that Brown relies on appears to be a description of the manager's decision, just like the preceding statements expressing the Board's approval of the manager's determinations. We do not read the Board's statement as an independent finding that Brown did not commit sexual harassment.

Likewise, it would be unreasonable for us to conclude that the Board did not know that the manager had concluded that Brown had committed acts of sexual harassment. The Board stated that the manager had "issued a Memorandum Decision finding that Mr. Brown had committed serious acts of sexual harassment that constituted misconduct under the Kenai Municipal Code." We conclude that the disputed language in the Board's decision must be read in the context of its conclusion that this determination by the city manager was reasonable.

Read in this light, the Board's comment was simply an acknowledgment that the official basis for Brown's termination was the city manager's conclusion that Brown had committed misconduct. This acknowledgment did not constitute an independent factual finding that Brown was innocent of sexual harassment.

---

[14] Emphasis added.

[15] Emphasis added.

[16] Emphasis added.

Even if we did read the Board's decision as concluding Brown did not violate the sexual harassment policy, this would not mean that Brown is innocent of any misconduct. Brown's interactions with the Boys & Girls Club employees could have constituted misconduct warranting termination even if those actions did not violate the sexual harassment policy, especially considering the questions about whether that policy applied to complainants who were not city employees.[17]

Moreover, the Board's conclusion that Brown engaged in misconduct is supported by the record. We will uphold an administrative decision affirming an employment termination as long as it is supported by substantial evidence.[18] In this case, the city manager's decision outlines several instances of Brown's inappropriate conduct at the recreation center. The decision recounts Brown's comments to one of the female Boys & Girls Club employees "that she could 'use him' if she was lonely when her husband was gone"; "that she was 'a pretty chesty girl' "; that she "should go upstairs [with Brown] . . . and take a nap together"; and, regarding an incident in which the employee narrowly avoided a view of Brown's exposed genitals in a bathroom, that if she "would have come in 10 seconds later [she] would have seen something [she] liked." The foregoing examples all involved only one of several complainants. This evidence

---

[17]     Brown also argues that the superior court erred by concluding that the Personnel Board simply "downgraded" Brown's alleged sexual harassment to misconduct, which is still an offense that may warrant termination. In an administrative appeal, however, we are not bound by the superior court's decision; we independently review the Personnel Board's decision to determine whether an error has been made. *See Grimmett*, 303 P.3d at 487 (citing *Fairbanks Fire Fighters Ass'n, Local 1324 v. City of Fairbanks*, 48 P.3d 1165, 1167 (Alaska 2002)).

[18]     *See Jurgens v. City of North Pole*, 153 P.3d 321, 325 (Alaska 2007) (citations omitted).

adequately supported the Personnel Board's determination that Brown engaged in misconduct warranting his dismissal.[19]

### 2. The Board's findings were sufficiently definite to support its decision.

Brown also argues that the Personnel Board erred by "fail[ing] to specify the 'misconduct' relied upon to affirm Brown's termination." He argues that this failure amounts to unconstitutional vagueness.

Brown's argument implicates the adequacy of the Board's findings: "The threshold question in an administrative appeal is whether the record sufficiently reflects the basis for the board's decision so as to enable meaningful judicial review."[20] "In answering that question, the test of sufficiency is a functional one: do the [tribunal]'s findings facilitate this court's review, assist the parties and restrain the [tribunal] within proper bounds?"[21] "[I]n certain cases, the issues are such that, based on the record, detailed findings are not necessary for this court to understand the [tribunal]'s reasoning process."[22]

---

[19]    We note that Brown does not make any argument as to the Board's alternative ground for termination: Brown's inability to perform his assigned job duties. The Board affirmed the city manager's finding that, "[b]ecause of the ongoing nature and severity of [Brown's] conduct," the city manager could not "allow [him] to return to work in the Rec[reation] Center." On this record, the Board could reasonably conclude that Brown's work at that facility comprised such a significant portion of his overall duties that he could no longer perform the duties of his employment.

[20]    *Fields v. Kodiak City Council*, 628 P.2d 927, 932 (Alaska 1981).

[21]    *Faulk v. Bd. of Equalization*, 934 P.2d 750, 751 (Alaska 1997) (quoting *S. Anchorage Concerned Coal., Inc. v. Coffey*, 862 P.2d 168, 175 (Alaska 1993)) (alterations and internal quotation marks omitted).

[22]    *Alvarez v. Ketchikan Gateway Borough*, 28 P.3d 935, 940 (Alaska 2001) (continued...)

We have affirmed a personnel board's "relatively conclusory" findings if they are consistent with "more extensive findings" included in the termination decision the board affirmed, explaining that we may "safely assume that the board accepted" those findings.[23] Here, as explained above, the Personnel Board specifically approved the city manager's determination that Brown engaged in misconduct warranting termination. And the manager's decision provided a lengthy recitation of the facts underlying his conclusion that Brown had committed misconduct.

For example, the manager found "that [Brown] recklessly or purposely exposed [him]self to [one of the complainants] and that [he] purposely attempted to expose [him]self to" another, and that these "actions violate the City's sexual harassment policy and also constitute misconduct under KMC 23.35.020(b)(9)." We conclude that the Board's decision approving these findings sufficiently stated the basis for Brown's termination.

## B. Brown's Termination Does Not Violate The Implied Covenant Of Good Faith And Fair Dealing.

Brown also argues that his termination violated the covenant of good faith and fair dealing implied in every employment contract.[24] This covenant "generally requires employers to treat like employees alike and act in a manner that a reasonable person would regard as fair."[25] The objective prong of this covenant "prohibits the

---

[22](...continued)
(quoting *Faulk*, 934 P.2d at 751) (internal quotation marks omitted).

[23]     *Jurgens*, 153 P.3d at 327.

[24]     *See Crowley v. State, Dep't of Health & Soc. Servs.*, 253 P.3d 1226, 1230 (Alaska 2011).

[25]     *Mitchell v. Teck Cominco Alaska Inc.*, 193 P.3d 751, 760-61 (Alaska 2008)
(continued...)

employer from dealing with the employee in a manner that a reasonable person would regard as unfair."[26]  Brown argues that the Board violated this covenant because his termination was objectively unfair.

Brown mainly repeats the argument we have outlined above (that the Personnel Board failed to adequately identify the basis for his termination).  He also argues that a lesser sanction should have been "tried and failed" before his termination.  As to the first argument, a reasonable person would not regard the Personnel Board's decision as unfair because the city manager made extensive findings supporting his conclusion that Brown had engaged in misconduct, and the Board gave a reasonable explanation of its decision to affirm the city manager.[27]

Brown's second argument also fails.  As the Board pointed out, the municipal code "in no way obligates the City to choose any one form of discipline over another; instead, it grants the City broad authority to determine which form of discipline is appropriate based upon the totality of the circumstances."[28]  The code requires graduated discipline only "where appropriate."[29]  We have previously recognized that the decision to terminate a public employee where a lesser sanction would "[a]rguably . . . have been sufficient" does not necessarily violate the implied covenant of good faith

---

[25](...continued)
(citation omitted).

[26]    *Id.* at 761.

[27]    *Cf. Grimmett v. Univ. of Alaska*, 303 P.3d 482, 492 (Alaska 2013).

[28]    KMC 25.35.030(a) (2013) states:  "Disciplinary action ranges from oral or written reprimands to suspension, demotion, and finally dismissal from the City service, and depends on the severity of the offense as well as the number and frequency of previous acts of misconduct."

[29]    KMC 25.35.030(c).

and fair dealing.[30]  In this case, the Board acted reasonably when it concluded that Brown's misconduct warranted termination.

## V.   CONCLUSION

We therefore AFFIRM the Personnel Board's decision to terminate Brown's employment.

---

[30]  *Grimmett*, 303 P.3d at 492.