**\*\*\*NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER\*\*\***

**Electronically Filed
Supreme Court
SCWC-20-0000557
29-JUL-2025
08:48 AM
Dkt. 25 SO**

SCWC-20-0000557

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

MICHAEL C. GREENSPON,
Petitioner and Respondent/Plaintiff-Appellant,

vs.

CIT BANK, N.A. f/k/a ONEWEST BANK, FSB,
Respondent and Petitioner/Defendant-Appellee,

and

DAVID B. ROSEN, ESQ. and THE LAW OFFICE OF DAVID B. ROSEN, ALC,
Respondents/Defendants-Appellees.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-20-0000557; CASE NO. 2CC1410000379(1))

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., McKenna, Eddins, Ginoza, and Devens, JJ.)

The underlying dispute in this case arises from events surrounding and subsequent to the non-judicial foreclosure and sale of Michael C. Greenspon's Maui property in 2010.  On

December 10, 2014, Greenspon filed a complaint[1] against First-Citizens Bank & Trust Company (CIT), successor by merger to CIT Bank, N.A., f/k/a OneWest Bank N.A., f/k/a OneWest Bank N.A., FSB[2] and its counsel David B. Rosen, Esq. and The Law Office of David B. Rosen (the Rosen Defendants) in the Circuit Court of the Second Circuit (circuit court).[3]

On March 10, 2015, on a motion from CIT, the circuit court stayed proceedings in the instant case pending resolution of a related appeal before the Intermediate Court of Appeals (ICA). The circuit court's written order provided: "[T]his case is STAYED pending a final resolution in that appeal currently pending before the [ICA]. Consequently, all pending hearings are hereby removed from the Court's calendar, but may be re-scheduled upon the entry of an Order lifting this Stay." The ICA ruled in the related appeal in August 2016 and remanded those proceedings to the circuit court where that litigation resumed.

---

[1]  Greenspon's complaint alleged: negligent and intentional misrepresentation; violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692; violations of Hawai'i collection practices under Hawai'i Revised Statutes (HRS) chapter 480D; unfair and deceptive acts and practices under HRS chapter 480; negligence/recklessness; abuse of process; negligent and intentional infliction of emotional distress; damages; and punitive and exemplary damages.

[2]  References to CIT herein include its related and predecessor entities CIT Bank, N.A., OneWest Bank N.A., and OneWest Bank N.A., FSB.

[3]  The Honorable Rhonda I.L. Loo presided.

On October 30, 2018, more than two years after the resolution of the related appeal, the Rosen Defendants filed written notice that Greenspon had yet to file a pretrial statement in the instant case.  On November 30, 2018, the circuit court dismissed Greenspon's complaint for failure to comply with Rules of the Circuit Courts of the State of Hawai‘i (RCCH) Rule 12(q) (eff. 2007).[4]

On March 4, 2019, on a motion from Greenspon, the circuit court entered a written order setting aside its RCCH Rule 12(q) dismissal and extending the deadline for Greenspon to file his pretrial statement to July 1, 2019.  Greenspon timely filed his pretrial statement but did not thereafter request a trial setting status conference or otherwise move the case forward.  On April 17, 2020, CIT moved to dismiss the case with prejudice under Hawai‘i Rules of Civil Procedure Rule 41(b)(1) (eff. 2012).[5]  Concurrently, CIT moved to designate Greenspon a vexatious litigant under Hawai‘i Revised Statutes (HRS) chapter

---

[4]     RCCH Rule 12(q), then-effective, provided in part:

> An action may be dismissed sua sponte with written notice to the parties if a pretrial statement has not been filed within 8 months after a complaint has been filed (or within any further period of extension granted by the court) or if a trial setting status conference has not been scheduled as required by Rule 12(c).

RCCH Rule 12(q) (eff. 2007).

[5]     HRCP Rule 41(b)(1) provides: "For failure . . . to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against it."

634J for bad faith conduct in this and related cases. The circuit court granted both motions and entered final judgment.

On appeal, the ICA vacated the circuit court's dismissal and final judgment, finding that the March 10, 2015 stay order had never been lifted and thus pretrial deadlines had not run. The ICA held that all filings while the stay remained in place were improper, but did not expressly vacate the circuit court's 634J order and later declined to clarify the effect of its decision on that order.

On certiorari, Greenspon asks this court to expressly vacate the circuit court's 634J order. Respondent-Petitioner CIT asks us to vacate the ICA's judgment on appeal and affirm the circuit court's dismissal, 634J order, and final judgment.

Interpretation of a judgment, order or decree "presents a question of law" and is "reviewable de novo". See Herrmann v. Herrmann, 138 Hawaiʻi 144, 152, 378 P.3d 860, 868 (2016); Bank of Haw. v. DeYoung, 92 Hawaiʻi 347, 351, 992 P.2d 42, 46 (2000). Further, when interpreting a circuit court order on appeal, we have consistently held:

> "The general rule is that, like any other written instrument, a court order must 'be construed reasonably and as a whole so as to give effect to the intention of the court.'" Wohlschlegel v. Uhlmann-Kihei, Inc., 4 Haw. App. 123, 130, 662 P.2d 505, 511 ([App.] 1983) (citing Smith v. Smith, 56 Haw. 295, 301, 535 P.2d 1109, 1114 (1975)). "'Moreover, we must give effect not only to that which is expressed but also to that which is unavoidably and necessarily implied by the judgment or decree.'" Id.

4

(quoting <u>Ahuna v. Dep't of Hawaiian Home Lands</u>, 64 Haw. 327, 333-34, 640 P.2d 1161, 1166 (1982)).

<u>State v. Nelson</u>, 140 Hawai'i 123, 138, 398 P.3d 712, 727 (2017).

On March 4, 2019, having considered motions from both parties and for good cause, the circuit court entered its Order Granting Plaintiff's Motion to Set Aside Rule 12(q) Dismissal, Reinstate This Action and Extend Time for Filing of Pretrial Statement. That order reinstated Greenspon's complaint and set a new deadline for Greenspon to file his pretrial statement by July 1, 2019.

Construing the March 4, 2019 order "reasonably and as a whole," it is clear that the circuit court's intent was for litigation to resume and, specifically, for pretrial deadlines to run. See <u>Nelson</u>, 140 Hawai'i at 138, 398 P.3d at 727. Indeed, under the then-effective pretrial rules, the filing of a pretrial statement triggered a scheduling process that required parties to determine dates when trial can occur "within 150-240 days from the filing of the initial pretrial statement." RCCH Rule 12(c)(2)(A) (eff. 2007). Thus, one necessary and unavoidable implication of the circuit court's order imposing a July 1, 2019 pretrial statement deadline is that the court had effectively lifted the stay and restarted the clock.

This reading of the circuit court's March 4, 2019 order setting aside dismissal is not only reasonable, it is

consistent with the circuit court's own interpretation. On June 25, 2020, in making its oral ruling on CIT's Motion to Dismiss and Greenspon's Motion to Lift or Continue Stay, the circuit court specifically stated that "there is no stay in place." Accordingly, we conclude that, as of March 4, 2019, there was no stay in place and, thus, CIT's April 17, 2020 filing of its Motion to Dismiss for Failure to Prosecute and Motion to Designate Plaintiff a Vexatious Litigant Under HRS Chapter 634J was not improper.

Further, it was within the circuit court's discretion to dismiss the complaint with prejudice and to designate Greenspon a vexatious litigant under HRS chapter 634J. The record here is sufficient to support the circuit court's conclusion that Greenspon's delay in prosecuting the complaint resulted in actual prejudice to CIT that could not be addressed through lesser sanctions than dismissal with prejudice, thus, the court did not abuse its discretion. See Erum v. Llego, 147 Hawai'i 368, 382, 465 P.3d 815, 829 (2020). As to the vexatious litigant ruling, the record also supports the circuit court's conclusion that Greenspon made "unnecessary and unmeritorious filings" and had "a history of disregarding rules and orders and personally disparaging counsel." See HRS § 634J-1(3) (2016).

Consistent with the foregoing discussion, the ICA's December 24, 2024 Judgment on Appeal is reversed and the Circuit

6

Court of the Second Circuit's July 31, 2020 Order Granting

Defendant CIT Bank, N.A., f/k/a OneWest Bank N.A., f/k/a OneWest

Bank, FSB's Motion to Dismiss for Failure to Prosecute, July 31,

2020 Order Granting Defendant CIT Bank, N.A., f/k/a OneWest Bank

N.A., f/k/a OneWest Bank, FSB's Motion to Designate Plaintiff a

Vexatious Litigant Under HRS Chapter 634J, and August 11, 2020

Final Judgment are affirmed.

DATED:  Honolulu, Hawai'i, July 29, 2025.

| | |
|---|---|
| Michael C. Greenspon | /s/ Mark E. Recktenwald |
| petitioner and respondent | |
| pro se | /s/ Sabrina S. McKenna |
| | |
| Erika L. Amatore | /s/ Todd W. Eddins |
| Laura P. Moritz | |
| for respondent and petitioner | /s/ Lisa M. Ginoza |
| | |
| | /s/ Vladimir P. Devens |

7